## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERY W. CALHOUN, #53064,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 1:07CV455-MEF** |
| ) | |
| **SGT. WILLIAM BANKS;** ) | |
| **RAY ARNOLD; OFFICER** ) | |
| **CHRISTOPHER WATSON;** ) | |
| **OFFICER BRADLEY CAIN;** ) | |
| **AND, SGT. DONNY SMITH,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

### SPECIAL REPORT TO MAGISTRATE

Come now the Defendants, Sgt. William Banks, Ray Arnold, Officer

Christopher Watson, Officer Bradley Cain and Sgt. Donny Smith, pursuant to this

Court's Order of May 23, 2007, and would report to the Magistrate as follows:

### Facts

On October 9, 2006, at approximately 4:14 A.M., Officer Ray Arnold and

Auxiliary Police Officer William Banks were on patrol and discovered a bay door

unsecured and partially open at A&C Auto Repair located 1350 Fountain Street,

Dothan, Alabama.  Officer Chris Watson was called as a backup officer.  When

Officer Arnold and Officer Watson entered the building they heard noises coming

from an office area in the back of the building.  The building was dark and the

officers were using their flashlights to see.  When Officer Arnold entered an office, he found Mr. Calhoun in the corner of the office.  He had been loading tools in a basket.  Officer Arnold ordered Mr. Calhoun to show his hands and he refused.  Officer Arnold ordered Mr. Calhoun to get on the ground and he refused.  Officer Watson then entered the room.  Mr. Calhoun was refusing to comply with Officer Arnold's repeated orders to get down; then he approached Officer Arnold in a fast aggressive manner.  At that time, Officer Watson used his tazer to subdue Mr. Calhoun.  Officers then tried to handcuff Mr. Calhoun but he physically resisted.  Mr. Calhoun was then administered another five-second charge from the tazer and the officers were able to get him secured in handcuffs.  The tazer leads striking Mr. Calhoun, and subsequently being removed, caused small pricks to his skin which bled slightly.  Mr. Calhoun was placed in a patrol car while officers proceeded to secure the scene.  K-9 Officer Brad Cain arrived and used his K-9 partner to search the building for additional suspects.  Investigator Sgt. Donny Smith arrived and photographed the scene including tools which had been removed from the building that were discovered across the street.  Only that force necessary to arrest and subdue Mr. Calhoun was used by the officers.  He did not appear injured nor did he request medical treatment at the scene. (Ex. "A", Affidavit of Ray Arnold; Ex. "B", Affidavit of Christopher H. Watson; Ex. "C", Affidavit of Bradley Cain; Ex. "D", Affidavit of Donny Smith; and, Ex. "F", Affidavit of William Banks.)

When Mr. Calhoun arrived at the jail he was booked on the charge of Burglary 3rd degree. Jail Security Officer Hess processed Mr. Calhoun at approximately 6:35 A.M. Officer Hess noticed the dried blood on Mr. Calhoun's shirt and noted that he had been tazed on scene. Mr. Calhoun did not appear to be in need of medical assistance. Mr. Calhoun did not complain of any injury, nor did he request medical assistance. (Ex. "G", Affidavit of Jesse Matthew Hess; Ex. "E", Booking video; Ex. "H", Dothan City Jail Inmate Medical Screening Form; and, Ex. "I", Booking photograph).

After Mr. Calhoun was booked into the Dothan City Jail he was transported to the Dothan Police Department where he was interviewed by Sgt. Smith regarding the burglary. Prior to beginning the interview, Mr. Calhoun signed a waiver of rights form. At no time did he complain to Sgt. Smith about an injury or request medical assistance. Sgt. Smith subsequently obtained a warrant and signed a complaint for Burglary 3rd degree. Shortly after his arrest, Mr. Calhoun sent a letter to the Dothan Police Department Criminal Investigation Division. In his letter, Mr. Calhoun proposes working as an informant in return for getting out of jail. Nowhere in that letter is there any reference to an injury or any mistreatment allegedly suffered by Mr. Calhoun at the hands of Dothan Police Officers. At no time since the events of October 9, 2006 has Mr. Calhoun, or anyone on his behalf filed a complaint with the Dothan Police Department regarding injuries or

mistreatment suffered during Mr. Calhoun's arrest.  (Ex. "D", Affidavit of Donny Smith; Ex. "J", Affidavit of Ray Owens; Ex. "M" Waiver of Rights; Ex. "Q", Warrant and Complaint; and, Ex. "R", Calhoun's letter).

On October 9, 2006 at 10:33 A.M. Mr. Calhoun was turned over to Houston County Sheriff's Department.  Upon being booked into the Houston County Jail, the booking officer noted that there were no "symptoms of need for emergency medical treatment."  Photographs from the Houston County Jail do not show any obvious injury to Mr. Calhoun. Documents provided by the Houston County Jail show that the only complaint related to his arrest was that his ear filled up with blood when he was tazed.  This statement was made on May 10, 2007, six days before filing this action.  However, on October 17, 2006, eight days after being arrested, Mr. Calhoun told jail medical personnel that his ear problem was due to being in an explosion.  None of the documents from the Houston County Jail indicate that Mr. Calhoun was treated for any injuries received at the time of his arrest.  (Ex. "N", Houston County Jail photographs; Ex. "O", Houston County Jail medical documents and inmate request forms; and, Ex. "K", Houston County Jail Receiving Screening Form).

The Plaintiff has no medical records to attach because he did not require or request medical assistance at the time of his arrest.

## RESPONSE TO SPECIFIC ALLEGATIONS

### Ground One  - Police Brutality

Plaintiff alleges that he was tazed by "four different tazer guns at the same time" and that he was "shot in the head and heart area."

At the time officers discovered Mr. Calhoun in the business, there were only three officers on the scene and only two of them were inside the business.  Officer Watson was the only officer to deploy and fire his tazer.  The tazer leads struck Mr. Calhoun in the left shoulder and left side.  No tazer leads struck Mr. Calhoun in the head or near his heart.  After initially being struck with the tazer, Mr. Calhoun resisted officers' attempts to cuff him and he was administered an additional five-second burst from the tazer.  No officers fired a firearm at any time during this incident.

### Ground Two - Cruel and Unusual Punishment

Plaintiff alleges that officers "continued to taze me after I was hand-cuffed inside of this building for approximately 30 min" that he was tazed again after being placed in the patrol car and that he was poked in the ribs with a stick.

Mr. Calhoun was administered a second five-second burst of the tazer when he resisted officers attempts to handcuff him.  It is practically impossible for a tazer to fire for 30 minutes.  (Ex. "L", Affidavit of Jeff Arnold).  He was not tazed at any time after being cuffed or when he was in the back of the patrol car.  At no

time did any officer poke Mr. Calhoun anywhere with a stick.  Dothan Police officers only arrested Mr. Calhoun, they took no part in his sentencing or "punishment" for the charge of Burglary 3rd degree.  On April 17, 2007 Mr. Calhoun pled guilty to Burglary 3rd degree.  The Honorable Judge Denny Holloway sentenced Mr. Calhoun to ten years in the state penitentiary.   Due to Mr. Calhoun's prior felony convictions, a ten-year sentence was the minimum sentence available.  (Ex. "P", Plea of guilty, Ex. "S", Probation Report).

### Ground Three - Intentional Infliction of Pain and Suffering

Plaintiff alleges that officers conducted an "illegal interrogation" and "continued to taze me and stick me in the ribs with their stick." See response to Ground One.

### Ground Four - Deliberate Indifference Towards Detainee's Medical Needs, Not Being Treated by Qualified Physician or Paramedic

Plaintiff alleges that he "was bleeding very bad from the head and heart area" and that officers "refused me medical attention and a body chart."

The probes on the tazer leads can cause slight bleeding.  The "wound" caused by the probe is generally smaller (about half the size) than the letter "I" used throughout this document.  Mr. Calhoun's thrashing and movement while resisting officers' attempts to cuff him could have increased the amount of bleeding.  Officers were able to remove the probes without difficulty and the bleeding had stopped prior to leaving the scene of the burglary.  The only bleeding

that officers noticed was on his left shoulder.  The available photographs and video

only show dried blood on Mr. Calhoun's left shoulder.  Neither of the tazer leads

struck Mr. Calhoun in the head.  Mr. Calhoun was not bleeding from the head at

any time while in the presence or custody of Dothan Police officers on October 9,

2006.  The available photographs and video show no blood on Mr. Calhoun's head

or anywhere near the collar of his shirt.  At no time while in the presence or

custody of Dothan Police officers on October 9, 2006 did Mr. Calhoun appear to

be in need of medical attention or request medical treatment.  Respondents are

unsure of the nature of the allegation that they refused Mr. Calhoun a "body chart."

## Probable Cause

Dothan Police officers had probable cause to arrest Mr. Calhoun.  Mr.

Calhoun was discovered at 4:15 A.M. in a darkened and closed business in the act

of  collecting property therefrom for removal.  Mr. Calhoun subsequently pled

guilty to the charge of Burglary 3rd Degree which arose out of this incident.  Based

on these facts, officers had probable cause to arrest Mr. Calhoun.

## Use of Force

The officers did not violate the Plaintiff's constitutional rights under the

Fourth Amendment.  When a person is seized, his claim of excessive force must be

reviewed under the Fourth Amendment objective reasonableness standard.

7

Graham v. Conner, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Whether the amount of force used by an officer is objectively reasonable turns on several factors, the severity of the crime, if the suspect poses an immediate threat, and whether the suspect is resisting or fleeing. See Graham, 490 U.S. at 394, 109 S. Ct. 1865. Mr. Calhoun was encountered in a dark, closed business while in the process of removing items therefrom, refused to comply with officers' commands to show his hands or to get on the ground, and then attempted to approach the officer in an aggressive manner. Officer Watson clearly perceived Mr. Calhoun's actions as an immediate threat to Officer Arnold. After the initial five-second charge, Mr. Calhoun resisted and was administered a second five-second charge.

Another key factor the Eleventh Circuit looks at is the extent of the injury. Leslie v. Ingram, 786 F.2d 1533, 1536 (11th Cir. 1986). Mr. Calhoun received minimal injury, which did not require medical attention, as a result of being struck with the tazer. Furthermore, the courts have held that the application of de minimus force, as used here, without more will not support a Fourth Amendment claim of excessive force. Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000). This case is similar to Draper v. Reynolds, 369 F.3d 1270 (11th Cir. 2004). In Draper a Deputy Sheriff had to taze a suspect in order to arrest him. The court held that the use of force was proportionate to the need, and did not inflict serious injury. When Mr. Calhoun refused to comply with Officer Arnold's commands and approached

him in an aggressive manner in a small dark office, the response choice was either

Officer Watson's tazer or Officer Arnold's firearm.

## AFFIRMATIVE DEFENSES

1. The Defendants assert the affirmative defense of qualified immunity.

2. The Defendants assert the affirmative defense of good faith immunity.

3. The Defendants assert the affirmative defense of discretionary function immunity under Ala. Code §6-5-338 (1975).

4. The Defendants assert the affirmative defense of Res Judicata.

5. The Defendants assert the affirmative defense of contributory negligence.

6. The Defendants assert the affirmative defense the Plaintiff's Complaint fails to state a cause of action which relief may be granted.

7. The Defendants deny all allegations set out in the Plaintiff's Complaint.

8. The Defendants assert that the Plaintiff is not entitled to relief because he did not suffer a constitutional violation.

9. The Defendants assert that Plaintiff cannot establish a Federal law claim under 42 U.S.C. §1983.

10. The Defendants assert that Plaintiff assumed the risks of his conduct.

11. The Defendants assert that Plaintiff was in the act of committing a crime involving moral turpitude at the time he was "injured."

Dated this 2nd day of July, 2007.

s/ Joe E. Herring, Jr.
Joe E. Herring, Jr. (HER038)
Assistant City Attorney
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, and I further

certify that a copy of the foregoing has been served upon the following by placing

same in the United States Mail, postage prepaid, on this the 2nd day of July, 2007:

Jeffery W. Calhoun #53064 – J-Pod
Houston County Jail
901 East Main Street
Dothan, AL 36301

s/ Joe E. Herring, Jr.
Of Counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JEFFERY W. CALHOUN, #53064,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) CIVIL ACTION 1:07CV455-MEF |
| | ) |
| **SGT. WILLIAM BANKS;** | ) |
| **OFFICER RAY ARNOLD;** | ) |
| **OFFICER CHRISTOPHER** | ) |
| **WATSON; OFFICER BRADLEY** | ) |
| **CAIN; AND, SGT. DONNY** | ) |
| **SMITH,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

**AFFIDAVIT OF RAY ARNOLD**

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Ray

Arnold, who, being by me first duly sworn, did depose and say as follows:

My name is Ray Arnold, and I am over the age of nineteen years and

reside in Houston County, Alabama. I have personal knowledge of the

things and matters set forth herein.

I was formerly employed by the City of Dothan Police Department

from July 1998 to June 2005 and June 2006 to May 2007. I am certified as a



**EXHIBIT**

**"A"**

tabbies

Police Officer by the Alabama Officers Standard and Training Commission. I received extensive training on the use of force at the Police Academy and additional training on the proper use of force from the Dothan Police Department. I have since left the Dothan Police Department and am currently working in my family's business.

On October 9, 2006, I was working in the patrol division of the Dothan Police Department. Auxiliary Officer William Banks and I were working my patrol area and checking businesses. At approximately 4:14 A.M. we discovered the bay door at A&C Auto Repair located at 1350 Fountain Street, Dothan, Alabama to be unsecured and partially open. I contacted Officer Chris Watson and requested backup at the scene. When Officer Watson arrived, we opened the bay door to gain entry to the building. As we opened the door, we heard noises from the back of the business in the area of an office. The business was dark and we were using flashlights to see. Officer Watson and I approached the office and Auxiliary Officer Banks attempted call dispatch to notify them of the situation. As we approached the office, I entered a room to the left and Officer Watson covered the room on the right. Upon entering the room, I discovered a white male, later identified as Jeffrey Wayne Calhoun, standing in the corner of the room. I ordered Mr. Calhoun, at gunpoint, to "show me your hands." I

also ordered him to "get on the ground." Officer Watson then entered the room. I continued to order Mr. Calhoun to get on the ground but he refused to obey my command. It was dark and I could not tell if Mr. Calhoun was armed. Mr. Calhoun then came toward me in an aggressive manner. At that time, Officer Watson deployed his tazer[1] and fired it at Mr. Calhoun. This caused Mr. Calhoun to go to the ground. When we attempted to handcuff Mr. Calhoun, he physically resisted, and he was tazed for an additional five seconds. We were then able to secure and handcuff Mr. Calhoun. I notified dispatch that we had a burglary in progress and a suspect was in custody. I then walked Mr. Calhoun out of the building and placed him in my patrol car.

When I started filling out my report, Mr. Calhoun told me there was a black male involved in the burglary and had been in the business earlier and had taken a handgun. I had police dispatch contact the investigator on call and ask them to try and make contact with the business owner. Cpl. Brad Cain arrived with a K-9 unit and he and the other officers completed a search of the building. I then searched the wood line and found additional tools that had been removed from the building. Sgt. Donny Smith arrived as

---

[1] A tazer is a less than lethal conducted energy weapon, shaped liked a hand gun. I can be used with or without propelled wire leads to conduct energy to the target. The tazer's electrical charge controls and overrides the body's central nervous system causing uncontrollable contractions of the muscle tissue in order to physically debilitate a target.

well as the owner of the business, Mr. Chris Lamb.  Sgt. Smith

photographed the items that were taken and made inventory.

    During my pat down search of Mr. Calhoun, I discovered a flat tip

screwdriver in his right back pants pocket.  I turned this over to Investigator

Smith also.  I then transported Mr. Calhoun to the Dothan Police Department

and he was booked on the charge of burglary.  Neither I, nor any other

officer, used excessive force against Mr. Calhoun.  Mr. Calhoun was only

tazed when he refused to obey my commands and when he resisted officers'

attempts to handcuff him.  Mr. Calhoun was never tazed after he was

handcuffed.  Neither I, nor any other officer poked Mr. Calhoun with a stick.

Mr. Calhoun did not require or request any medical assistance.  Mr. Calhoun

received no injuries other than the small pricks where the tazer leads struck

him.  Had Mr. Calhoun appeared injured or requested medical treatment, we

would have called paramedics or transported him to the Southeast Alabama

Medical Center for evaluation and treatment.  By the time Mr. Calhoun was

transported to the Dothan City Jail, the slight bleeding, caused by the tazer

leads, had stopped.

    Mr. Calhoun was caught during the commission of a felony.  The

room was dark except for our flashlights.  Mr. Calhoun refused to show his

hands or get on the floor as ordered.  When he approached me in a fast,

aggressive manner, Officer Watson tazed him to ensure that we would not be injured. Only that force necessary to arrest and contain Mr. Calhoun was used.

Further Affiant sayeth not.

Ray Arnold

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this 29th day of June, 2007.

Notary Public

My Commission Expires

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JEFFERY W. CALHOUN, #53064,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 1:07CV455-MEF** |
| | ) |
| **SGT. WILLIAM BANKS;** | ) |
| **OFFICER RAY ARNOLD;** | ) |
| **OFFICER CHRISTOPHER** | ) |
| **WATSON; OFFICER BRADLEY** | ) |
| **CAIN; AND, SGT. DONNY** | ) |
| **SMITH,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

**<u>AFFIDAVIT OF CHRISTOPHER H. WATSON</u>**

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared

Christopher H. Watson, who, being by me first duly sworn, did depose and

say as follows:

My name is Christopher H. Watson, and I am over the age of nineteen

years and reside in Houston County, Alabama. I have personal knowledge

of the things and matters set forth herein.

EXHIBIT
"B"

I am employed by the City of Dothan Police Department and have been so employed since January 17, 2000. I am certified as a Police Officer by the Alabama Peace Officers Standard and Training Commission. I hold the rank of patrolman and I am currently assigned to the narcotics division of the Dothan Police Department. I received extensive training on the use of force at the Police Academy and additional training on the proper use of force from the Dothan Police Department. I have also been trained and certified to carry a tazer[1] as part of my duty equipment.

On October 9, 2006, at approximately 4:14 a.m., I was working in patrol when I was contacted by Officer Ray Arnold in reference to a possible burglary at A&C Auto Repair located at 1350 Fountain Street, Dothan, Alabama. When I arrived at the scene, Officer Arnold and Auxiliary Officer Banks were present. We approached the bay door of the shop which was unsecured and partially open. As we began to open the door, we heard noises from the back of the business in the area of an office. The building was dark so Officer Arnold and I entered the business with our flashlights and approached the office area. Officer Arnold entered a room to the left and I covered the room on the right. I then heard Officer Arnold yell "show

---

[1] A tazer is a less than lethal conducted energy weapon, shaped like a handgun. It can be used with or without propelled wire leads to conduct energy to a target. The tazer's electrical charge controls and overrides the body's central nervous system causing uncontrollable contractions of the muscle tissue in order to physically debilitate a target.

me your hands!" I immediately went to Officer Arnold's location. Officer Arnold had his handgun out and was ordering the suspect, Jeffrey Wayne Calhoun, to the ground. Mr. Calhoun was refusing to obey Officer Arnold's commands to show his hands and started towards Officer Arnold in an aggressive manner. At that time, I deployed my tazer and fired it at Mr. Calhoun. The tazer leads struck Mr. Calhoun in the left shoulder and left side. The tazer sends a charge for five seconds which caused Mr. Calhoun to fall to the ground. We then attempted to handcuff Mr. Calhoun and he violently resisted. I then tazed Mr. Calhoun for an additional five seconds. We were then able to control and handcuff Mr. Calhoun. Mr. Calhoun was placed under arrest for burglary. Mr. Calhoun was placed in Officer Arnold's patrol car and the tazer leads were removed from him. Mr. Calhoun did bleed slightly where he was struck by the tazer leads.

After Cpl. Cain arrived at the scene with a K-9, the other officers and I searched for the second suspect and recovered additional items that had been removed from the business and placed in the woods across the street.

Mr. Calhoun was not bleeding from his head or his chest as he alleges. By the time Mr. Calhoun was transported from the scene, any bleeding caused by the tazer leads had stopped. If Mr. Calhoun had visible injuries or complained of any injury, I would have called paramedics and

3

had him transported to the Southeast Alabama Medical Center for evaluation and treatment. Neither I, nor any other Officer, used excessive force on Mr. Calhoun. Had Mr. Calhoun complied with Officer Arnold's orders to get down, show his hands, and not moved toward Officer Arnold in a threatening manner, I would not have tazed him. I deployed my tazer for two five second bursts. No officer tazed Mr. Calhoun after he was handcuffed or poked him with a stick. No officer used excessive force against Mr. Calhoun during the course of the arrest or afterwards.

Further Affiant sayeth not.

**Christopher H. Watson**

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this 28th day of June, 2007.

Notary Public

My Commission Expires _____

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFERY W. CALHOUN, #53064, )
                              )
        PLAINTIFF,            )
                              )
v.                            ) CIVIL ACTION 1:07CV455-MEF
                              )
SGT. WILLIAM BANKS;           )
OFFICER RAY ARNOLD;           )
OFFICER CHRISTOPHER           )
WATSON; OFFICER BRADLEY       )
CAIN; AND, OFFICER DONNY      )
SMITH,                        )
                              )
        DEFENDANTS.           )


<u>AFFIDAVIT OF BRAD CAIN</u>


STATE OF ALABAMA,
HOUSTON COUNTY.


        Before me, the undersigned authority, personally appeared Brad Cain,

who, being by me first duly sworn, did depose and say as follows:

        My name is Brad Cain, and I am over the age of nineteen years and

reside in Houston County, Alabama.  I have personal knowledge of the

things and matters set forth herein.



EXHIBIT

"G"

I have been a police officer for over ten years and I have been employed by the City of Dothan Police Department since 1999. I am certified as a Police Officer by the Alabama Peace Officers Standard and Training Commission. I received extensive training on the use of force at the Police Academy and additional training on the proper use of force from the Dothan Police Department. I am currently assigned to the patrol division as a K-9 handler and hold the rank of Corporal.

On October 9, 2006 I was dispatched to a burglary call at 1350 Fountain Street, Dothan, Alabama. When I arrived officers had already placed Mr. Calhoun in the back of a patrol car. I then proceeded to search the building for additional suspects with my K-9 partner. After determining no other suspects were in the area, I assisted officers with the location and collection of evidence.

While at the scene I did not see any injuries on Mr. Calhoun, hear him complain of any injuries or hear him request medical attention. At no time did I deploy my tazer. I did not see any officer taze Mr. Calhoun, poke him with a stick or mistreat him in any way.

2

Further Affiant sayeth not.

**Brad Cain**

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this 29th day of June, 2007.

Notary Public

My Commission Expires _____

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFERY W. CALHOUN, #53064, )
                              )
        PLAINTIFF,            )
                              )
v.                            ) CIVIL ACTION 1:07CV455-MEF
                              )
SGT. WILLIAM BANKS;           )
OFFICER RAY ARNOLD;           )
OFFICER CHRISTOPHER           )
WATSON; OFFICER BRADLEY       )
CAIN; AND, SGT. DONNY         )
SMITH,                        )
                              )
        DEFENDANTS.           )


<u>**AFFIDAVIT OF DONNY SMITH**</u>

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Donny

Smith, who, being by me first duly sworn, did depose and say as follows:

My name is Donny Smith, and I am over the age of nineteen years and

reside in Houston County, Alabama and I have personal knowledge of the

things and matters set forth herein.

I am employed by the City of Dothan Police Department and have

been so employed since April 25, 1988.  I hold the rank of Sergeant, and I



EXHIBIT

"D"

am assigned to the Criminal Investigations Division of the Dothan Police Department. I am certified as a Police Officer by the Alabama Peace Officers Standard and Training Commission.

On October 9, 2006, at approximately 4:20 A.M., I was called to a burglary at A&C Auto Repair located at 1350 Fountain Street, Dothan, Alabama. Upon my arrival, at approximately 4:50 A.M., the suspect, Mr. Jeffrey Wayne Calhoun, was being detained in a police car. I spoke to Officer Ray Arnold who informed me that while on patrol he and Auxiliary Officer, William Banks, had been checking businesses and found the bay door of A&C Auto Repair partially open. Officer Arnold called for backup and Officer Chris Watson arrived on the scene shortly thereafter. As the officers started to enter the building they heard noises. The officers found Mr. Calhoun in an office in the back of the building. Mr. Calhoun was in the process of loading items from the business into a basket. Officer Arnold ordered Calhoun to the ground but he refused and began approaching Officer Arnold in a threatening manner. At this time, Officer Watson deployed his tazer and they were able to gain control of Mr. Calhoun and take him into custody. While at the scene, I observed no obvious injuries on Mr. Calhoun, nor did I hear him complain of any injuries or request medical assistance.

I photographed the scene including the items that Mr. Calhoun was loading in the basket in the business. I contacted the owners of the business, Mr. Chris Lamb and he responded to the scene. Mr. Lamb identified the tools as belonging to him.

Mr. Calhoun had informed Officer Arnold that there was a black male assisting in the burglary and he was in the bushes across the street waiting on him. Mr. Calhoun stated they had already removed some items from the business. Officer Arnold went to the wooded area and found another basket containing air tools that had been taken from the business. I photographed these items also.

Mr. Calhoun was then transported to the Dothan Police Department where he was booked into Dothan City Jail. After being booked Mr. Calhoun was transported to the Criminal Investigation Division conference room where he signed a waiver of rights and gave me a statement. Mr. Calhoun said the black male told him the bay door was not secured and they could gain access to the building through the door. Mr. Calhoun stated he had a drug problem and he needed money to buy more drugs.

Mr. Calhoun did not appear injured in any way. During the interview, which lasted approximately 30 minutes, Mr. Calhoun was not actively bleeding, nor did he complain of any injury or request medical assistance.

Had Mr. Calhoun been actively bleeding or complaining of any injury, he would have been transported to the Southeast Alabama Medical Center for evaluation and treatment. I did not see any officer taze Mr. Calhoun or poke him with a stick. Mr. Calhoun never complained that officers mistreated him in any way. Had Mr. Calhoun complained he was mistreated, I would have documented the complaint and notified the officer's Supervisor as well as my Lieutenant.

One week after his arrest, Mr. Calhoun sent me a letter offering to provide information on drug dealers if I would assist him in getting out of jail. Mr. Calhoun did not mention anything in his letter about any injuries or being mistreated by officers. Neither I, nor any other officer used excessive force against Mr. Calhoun or refused to provide medical treatment to him.

Further Affiant sayeth not.

_____
**Donny Smith**

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this 28th day of June, 2007.

_____
Notary Public

My Commission Expires:    LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

4

# BOOKING VIDEO

# OF

# JEFFERY W. CALHOUN

# (ATTACHED SEPARATELY)

# EXHIBIT "E"



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY W. CALHOUN, #53064, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION 1:07CV455-MEF |
| | ) |
| SGT. WILLIAM BANKS; | ) |
| OFFICER RAY ARNOLD; | ) |
| OFFICER CHRISTOPHER | ) |
| WATSON; OFFICER BRADLEY | ) |
| CAIN; AND, SGT. DONNY | ) |
| SMITH, | ) |
| | ) |
| DEFENDANTS. | ) |

## AFFIDAVIT OF WILLIAM BANKS

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared William

Banks, who, being by me first duly sworn, did depose and say as follows:

My name is William Banks, and I am over the age of nineteen years

and reside in Dale County, Alabama. I have personal knowledge of the

things and matters set forth herein.

I am currently employed by the City of Dothan as a Jail Security

Officer and have been so employed since September 04, 2001, and I hold the

rank of Sergeant. I also serve as an Auxiliary Police Officer with the City of

EXHIBIT
"F"

Dothan and have served as an Auxiliary Officer since 2003. I have been trained on the proper use of force and I am certified to carry a tazer as part of my duty equipment.

On October 9, 2006, at approximately 4:14 A.M., I was riding with Officer Ray Arnold and we were checking businesses. When we checked A&C Auto Repair located at 1350 Fountain Street, Dothan, Alabama, we found a bay door of the business unsecured and raised approximately one to two feet. Officer Arnold requested back up and Officer Watson arrived at the scene. As we lifted the door to gain entry to the business, we could hear noise coming from the back of the business in the area of an office. The two officers proceeded toward the noise and I stepped out and attempted to advise dispatch what was happening. Officer Arnold went into a room on the left and Officer Watson covered a room to the right. Immediately after Officer Arnold entered the room he shouted "show me your hands!" Officer Watson then entered the room with Officer Arnold. As I attempted to go to assist the other officers, I tripped over something on the floor. The business was dark and we were using flashlights to see. When I arrived at the room, Officer Watson had already fired his taser at Mr. Calhoun. The taser had caused Mr. Calhoun to fall to the ground, and he was resisting officers'

attempts to cuff him. Mr. Calhoun was handcuffed and removed from the building and placed in Officer Arnold's patrol car.

I did not deploy my tazer and to my knowledge, the only person who tazed Mr. Calhoun was Officer Watson. No one tazed Mr. Calhoun after he was handcuffed, nor did anyone poke him with a stick. Mr. Calhoun did not complain of any injury. Had he done so, we would have called paramedics and he would have been transported to the Southeast Alabama Medical Center for evaluation and treatment.

Corporal Cain arrived with a K-9 unit and we conducted a building search for other suspects, we also searched the woods across the street and found additional tools that had been taken from the business. Officer Arnold requested an investigator to respond to the scene. Sgt. Donny Smith of the Criminal Investigative Division arrived and began photographing the area and the tools that were recovered. Mr. Calhoun was then transported to the Dothan Police Department to talk to Sergeant Smith.

As a Jail Security Sergeant for the Dothan City Jail, I am familiar with the policy and procedures of the jail, and had Mr. Calhoun appeared injured or complained of any injury, he would have been transported to the Southeast Alabama Medical Center for evaluation and treatment before he would be allowed to be booked at the Dothan City Jail. No officer used

excessive force against Mr. Calhoun, nor did anyone refuse him medical treatment.

Further Affiant sayeth not.

_William Banks_
**William Banks**

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this 29th day of June, 2007.

Notary Public

My Commission Expires _____

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JEFFERY W. CALHOUN, #53064,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) **CIVIL ACTION 1:07CV455-MEF** |
| | ) |
| **SGT. WILLIAM BANKS;** | ) |
| **OFFICER RAY ARNOLD;** | ) |
| **OFFICER CHRISTOPHER** | ) |
| **WATSON; OFFICER BRADLEY** | ) |
| **CAIN; AND, SGT. DONNY** | ) |
| **SMITH,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

**AFFIDAVIT OF JESSE MATTHEW HESS**

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Jesse

Matthew Hess, who, being by me first duly sworn, did depose and say as

follows:

My name is Jesse Matthew Hess, and I am over the age of nineteen

years and reside in Houston County, Alabama and I have personal

knowledge of the things and matters set forth herein.



**EXHIBIT**

"G"

I am employed by the City of Dothan Police Department and have been so employed since September 15, 2003. I am a Jail Security Officer at the Dothan City Jail. On October 9, 2006, I was working at the Dothan City Jail when officers brought Mr. Jeffrey Wayne Calhoun in on the charge of Burglary III. I took custody of Mr. Calhoun and booked him into the Dothan City Jail at approximately 6:35 A.M. Mr. Calhoun did not have any visible injury, nor did he complain of any injury. Mr. Calhoun did have dried blood on his left shoulder, and stated he had been tazed. Mr. Calhoun was not actively bleeding at any time while in my presence. If Mr. Calhoun had any visible injury or complained of any injury, he would not have been processed at the jail until he was evaluated or treated for said injury. Mr. Calhoun would have been transported to the Southeast Alabama Medical Center for evaluation and/or treatment pursuant to the policy and procedure of the Dothan City Jail. If Mr. Calhoun needed immediate care, I would have called the paramedics and an ambulance for transport.

As part of the booking process, which is videotaped, Mr. Calhoun was asked a series of medical questions. I asked Mr. Calhoun if he had any bruising, open cuts, recent head injury, or any other medical problems we need to be aware of and Mr. Calhoun answered only that he had a "shock wound", pointing to his left shoulder where he had been tazed. I

2

documented that Mr. Calhoun was tazed at the scene of his arrest. At 10:33

A.M. on October 9, 2006, Mr. Calhoun was transported to the Houston

County Jail on the felony charge. Mr. Calhoun did not request medical

treatment and he was not refused medical treatment by anyone at the Dothan

City Jail.


    Further Affiant sayeth not.

**Jesse Matthew Hess**


STATE OF ALABAMA,
HOUSTON COUNTY.

    Sworn to and subscribed before me this 29th day of June, 2007.

Notary Public

My Commission Expires _____

        LINDA R. JOHNSON
      Notary Public, AL State at Large
     My Comm. Expires Nov. 17, 2009

```
PGM-JNMSCR               DOTHAN CITY JAIL                    Page 1
                    INMATE MEDICAL SCREENING FORM
```

Date: 10/09/06  Time:  6:38
Name: CALHOUN, JEFFREY WAYNE                       DOB:  9/26/66
Master ID#: 27332              Cell: H 20          SSN: 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
Booking Number: 06-0120984

ADMISSION OBSERVATIONS                                      Y/N/A
1. Does the inmate appear able to understand and answer questions?     Y
2. Is the inmate in need of medical attention prior to booking?        N
   If yes, describe:
3. Any obvious fever, swollen lymph nodes, jaundice, or infection?      N
4. Any skin condition or evidence of vermin or lice on the inmate?      N
5. Does the Inmate appear to be under the influence of alcohol/drug?    N
6. Are there any visible signs of alcohol/drug withdrawal symptoms?     N
7. Does the inmate's behavior suggest any risk of suicide?             N
8. Does inmate have any medication on person? (If yes, list below.)     N
   N
9. Enter the current time and date:


OFFICER - INMATE QUESTIONNAIRE                             Y/N/R
10. Have you ever had/have any of the following illnesses or cond.?
a) Hepatitis          N b) Heart Disease      N c) Mental/Emotion Upset N
d) Tuberculosis       N e) High Blood Pressure Y f) Alcohol/Drug abuse   Y
g) Sex.Transmitted Dis. N h) Epilepsy/Convulsion N i) Dental Pain - Now  N
j) Asthma/Emphysema   N k) Ulcers             N l) Hemophiliac(bleeder) N
m) Cancer             N n) Kidney Trouble     N o) HIV/exposed to HIV    N
p) Diabetes           N q) DT's               N r) Recently fainted      N
s) Do you use insulin? N t) Skin Problems     N u) Recent head injury    N
v) Attempted suicide  N w) Bruises/Open Cuts  N x) Other (describe)      Y
   If yes to any, desc. TOS

11. Are you under a doctor's care?                          N
    Why?
    Doctor's Name   N              Doctor Address  N
12. Do you use alcohol/drugs?                               N
    How often? N
    Type/amt. used  NN             When was last?  N
13. Are you homosexual/bisexual or have contact with either?  N
14. IF FEMALE: Are you pregnant or given birth in the last six weeks?  N
15. IF FEMALE: Are you currently taking birth control pills?  N
16. Do you have any physical disabilities?                  N
17. Do you have any known allergies?                        N
    If yes, describe:
18. Did you bring any medication with you? (If yes, list below)  N

19. Do you have an Advance Medical Directive (Living Will)?  N
    If yes, where is it? N
20. Do you have any other medical conditions we should be aware of?  N
    If yes, describe:


**EXHIBIT**
"H"

PGM-JNMSCR                     DOTHAN CITY JAIL                        Page 2
                        INMATE MEDICAL SCREENING FORM

Date: 10/09/06  Time:  6:38
Name: CALHOUN, JEFFREY WAYNE                          DOB:  9/26/66
Master ID#: 27332              Cell: H 20            SSN: 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
Booking Number: 06-0120984

OFFICER - INMATE QUESTIONNAIRE                               Y/N/R
21. Have you recently been hospitalized?                      N
    If yes, describe:
22. Do you have a history of mental illness?                  N
    If yes, describe:    N
23. Are you thinking of killing yourself?                     N
    If yes, explain:     N
24. Do you have a preference of hospitals? If yes, choose SAMC or    Y
    Flowers:           SAMC
25. Do you have a preference between CARE or PILCHERS ambulance?     N
    If yes, choose:
26. ************** BEHAVIORAL OBSERVATIONS OF INMATE **************
a) Combative?        N b) Violent?        N c) Angry?         N
d) Hearing Voices?   N e) Seeing Visions? N f) Incoherent?    N
g) Crying?           N h) Overly anxious? N i) No emotions?   N
j)                   N k)                 N l)                N
Comments/Notes:   NNNNNNNNNNNNNNNNNNNN


I have read the above CAREFULLY and have answered ALL questions correctly to
the best of my knowledge.

I'm aware that HEALTH SERVICES are available to me at a cost while in custody.

I authorize the release of my medical records between the Dothan Police
Department and ALL Medical Providers.

Inmate Signature: _____  Date Signed: _____

Booking Officer Signature: _____  Date Signed: _____

# DOTHAN POLICE DEPARTMENT
## Dothan, Alabama



**Name : CALHOUN, JEFFREY WAYNE**

**DOB: 9/26/1966**          **SSN: 261699682**



EXHIBIT

"I"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFERY W. CALHOUN, #53064, )
                              )
        PLAINTIFF,            )
                              )
v.                            )  CIVIL ACTION 1:07CV455-MEF
                              )
SGT. WILLIAM BANKS;           )
OFFICER RAY ARNOLD;           )
OFFICER CHRISTOPHER           )
WATSON; OFFICER BRADLEY       )
CAIN; AND, SGT. DONNY         )
SMITH,                        )
                              )
        DEFENDANTS.           )


## AFFIDAVIT OF RAY OWENS

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Ray Owens, who being by me first duly sworn, did depose and says as follows:

My name is Ray Owens and I am employed with the Dothan Police Department and have been so employed since June 20, 1983. I am over the age of eighteen and I reside in Houston County, Alabama. I have personal knowledge of the things and matters set out below.



EXHIBIT
"J"

I am certified by the State of Alabama as a police officer and hold the rank of Lieutenant with the Dothan Police Department. I am currently assigned to the Internal Affairs Division. During my employment with the Dothan Police Department I have undergone extensive and continuous law enforcement training with the Dothan Police Department. I am familiar with the Dothan Police Department Procedural General Orders and have received a copy of the manual which sets out the guidelines for police officers employed by the City of Dothan.

One of the responsibilities of the Internal Affairs Division is to take and investigate complaints about Dothan police officers that are made to the Police Department by citizens.

Any time such a complaint is made against an officer, it is sent to the Internal Affairs Division. I have reviewed the records of the Internal Affairs Division from October 9, 2006 forward, and I have found no complaint made by, or based on any alleged mistreatment of a Mr. Jefferey W. Calhoun.

It is my understanding that Mr. Calhoun uses a number of aliases, to-wit: Jeffrey Wayne Collins, Jeff Wallace, Jeffery Ollins, Jeff T. Clines. I have searched for and found no complaints filed by or related to any of the above names.

Further Affiant sayeth not.

_Ray Owens_
**Ray Owens**

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this 29th day of June, 2007.

Notary Public

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

My Commission Expires _____

3



# HOUSTON COUNTY JAIL
# RECEIVING SCREENING FORM



EXHIBIT
"K"

NAME: Calhoun Jeffery     RACE/SEX: W/m     D.O.B: 7/23/66

DATE: 10/9/06     TIME: _____     DOCTOR: _____

BOOKING OFFICER: P Miller     MEDICAL INSURANCE: _____

SOCIAL SECURITY NUMBER: 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     INMATE NUMBER: 53064

## VISUAL OPTION:

| | | |
|---|---|---|
| 1. IS THE PERSON CONSCIOUS? | YES | NO |
| 2. IS THERE PAIN OR OTHER SYMPTOMS OF NEED FOR EMERGENCY MEDICAL TREATMENT? | YES | NO |
| 3. IS THERE OBVIOUS FEVER OR OTHER EVIDENCE OF INFECTION WHICH MIGHT SPREAD? | YES | NO |
| 4. IS THE SKIN IN GOOD CONDITION AND FREE OF VERMIN? | YES | NO |
| 5. DOES HE/SHE APPEAR TO BE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS? | YES | NO |
| 6. ARE THERE ANY VISIBLE SIGNS OF ALCOHOL/DRUG WITHDRAWAL SYMPTOMS? | YES | NO |
| 7. DOES HE/SHE BEHAVE ABNORMALLY?   EXPLAIN _____ | YES | NO |
| 8. DOES THE INMATES BEHAVIOR SUGGEST THE RISK OF ASSAULT TO STAFF OR OTHERS? | YES | NO |
| 9. DOES THE INMATE HAVE A MEDICAL ALERT CARD OR OTHER MEDICAL INFORMATION? | YES | NO |

## OFFICIAL – INMATE QUESTIONNAIRE:

| | | |
|---|---|---|
| 10. ARE YOU TAKING MEDICATION FOR DIABETES, HEART DISEASE, SEIZURES, ARTHRITIS, ASTHMA, ULCERS, HIGH BLOOD PRESSURE OR PSYCHIATRIC DISORDER? (CIRCLE WHICH). | YES | NO |
| 11. DO YOU HAVE MEDICATION WITH YOU? | YES | NO |
| 12. DO YOU HAVE A HISTORY OF TUBERCULOSIS? | YES | NO |
| 13. DO YOU HAVE A HISTORY OF VENEREAL DISEASE OR ABNORMAL DISCHARGE? | YES | NO |
| 14. HAVE YOU RECENTLY BEEN HOSPITALIZED OR RECENTLY SEEN A DOCTOR FOR ANY REASON? IF YES: EXPLAIN: High blood pressure – 1st wk October | YES | NO |
| 15. ARE YOU ALLERGIC TO ANY MEDICATION? WHAT? _____ | YES | NO |
| 16. HAVE YOU FAINTED RECENTLY OR HAD A HEAD INJURY? Car Accident 6 mos Ago | YES | NO |
| 17. DO YOU HAVE EPILEPSY, DIABETES, HEPATITIS, OR ANY CHRONIC ILLNESS? _____ | YES | NO |
| 18. DO YOU HAVE A PAINFUL DENTAL CONDITION? | YES | NO |
| 19. IF FEMALE, ARE YOU PREGNANT? ON BIRTH CONTROL PILLS? (CIRCLE WHICH) N/A | YES | NO |
| 20. DO YOU HAVE A SPECIAL DIET PRESCRIBED BY A PHYSICIAN? TYPE STATUS YES | YES | NO |
| 21. DO YOU HAVE ANY OTHER MEDICAL PROBLEM WE SHOULD KNOW ABOUT? REMARKS: HAS HERNIA | YES | NO |

STATE OF ALABAMA)
HOUSTON COUNTY)                MEDICAL RELEASE AUTHORIZATION

KNOW ALL MEN BY THESE PRESENTS, THAT FOR AND IN CONSIDERATION OF HOUSTON
COUNTY, ALABAMA, ASSUMING THE FINANCIAL RESPONSIBILITY OR LIABILITY FOR MY MEDICAL OR DOCTOR
TREATMENT AND CARE, I DO HEREBY AUTHORIZE ANY SUCH MEDICAL DOCTOR OR HOSPITAL TO RELEASE
ANY MEDICAL RECORDS OR INFORMATION TO ANY DULY APPOINTED OR AUTHORIZED REPRESENTATIVE OF
HOUSTON COUNTY, ALABAMA.

HOWEVER, THIS MEDICAL RELEASE AUTHORIZATION IS SPECIFICALLY LIMITED TO PROPERLY AUTHORIZED
HOUSTON COUNTY PERSONNEL; AND ANY SUCH MEDICAL DOCTOR OR HOSPITAL IS NOT AUTHORIZED TO
RELEASE ANY SUCH MEDICAL INFORMATION OR TREATMENT INFORMATION TO ANY OTHER PERSON,
COMPANY, OR CORPORATION, OTHER THAN BY MY FURTHER EXPRESSED AUTHORITY FROM ME AND MY
ATTORNEY.

ATTEST:

_____          _____
WITNESS

I,_____ AN INMATE IN THE HOUSTON COUNTY JAIL, HAVE BEEN
DULY INFORMED AND DO UNDERSTAND THE COST OF HOUSING AND MEDICAL CARE MAY BE ASSESSED
AGAINST ME AS COST OF COURT, IF I AM CONVICTED OF A MISDEMEANOR IN THE DISTRICT COURT.

                                          _____
                                                        SIGNATURE

DATE: 10/9/06

WITNESS:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFERY W. CALHOUN, #53064, )
                                )
        PLAINTIFF,               )
                                )
v.                              ) CIVIL ACTION 1:07CV455-MEF
                                )
SGT. WILLIAM BANKS;             )
OFFICER RAY ARNOLD;             )
OFFICER CHRISTOPHER             )
WATSON; OFFICER BRADLEY         )
CAIN; AND, OFFICER DONNY        )
SMITH,                          )
                                )
        DEFENDANTS.              )


## AFFIDAVIT OF JEFFREY ARNOLD

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Jeffrey

Arnold, who, being by me first duly sworn, did depose and say as follows:

My name is Jeffrey Arnold, and I am over the age of nineteen years

and reside in Houston County, Alabama. I have personal knowledge of the

things and matters set forth herein.

I am employed by the City of Dothan Police Department and have

been so employed since 1997. I am currently assigned to the Criminal


EXHIBIT
"L"

Investigation Division of the Dothan Police Department. I am also a Certified Tazer Instructor and have been since 2003. I have trained and assisted in training almost every member of the Dothan Police Department in the proper use of the tazer system. The Dothan Police Department currently uses two types of tazers, M-26 for patrol and jail service officers and X-26, which are smaller and issued to plain clothes officers. Both models function in the same manner.

The tazer is a less than lethal conducted energy weapon shaped like a hand gun. The weapon has a cartridge on the front that contains two wire leads twenty-one feet long which are propelled by nitrogen gas when the weapon is fired. Each lead terminates with a small probe that has a barbed point. The probe will generally pierce the target's clothing and depending on the thickness of the clothing and distance from the unit, will often pierce the target's skin. The probe will only pierce the skin to a depth of one-quarter inch. When the wire leads make contact with a subject, the weapon sends a five-second charge to the subject. This charge controls and overrides the body's central nervous system causing involuntary and uncontrollable contractions of the muscle tissue in order to physically debilitate a target. The device is used by Federal, State and local law enforcement agencies across the country.

2

It is unlikely that a tazer unit would withstand continuous activation for thirty minutes. During training we instruct officers that activation of ten consecutive cycles (50 seconds) may cause the unit to short circuit.

Dothan officers are trained in the proper use of the tazer and the department has set up guidelines in the form of Procedural General Orders for the use of the tazer. The guidelines allow the use of a tazer to subdue and apprehend a suspect who refuses to comply with lawful orders of the officer or those who resist arrest and/or handcuffing. The tazer is never used for punishment and any officer shown to have used his tazer in this manner would be subject to discipline pursuant to the Dothan Civil Service Act and prosecuted by the proper authority.

Further Affiant sayeth not.

_____
Jeffrey Arnold

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this 29th day of June, 2007.

_____
Notary Public

My Commission Expires _____

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

3

## Dothan Police Department

Name _Jeffery Wayne Calhoun_     Place _CID_

Case Number _06-008802_     Date/Time _10-9-06_

BEFORE WE ASK YOU ANY QUESTIONS, YOU MUST UNDERSTAND YOUR RIGHTS.

YOU HAVE THE RIGHT TO REMAIN SILENT.

ANYTHING YOU SAY CAN BE USED AGAINST YOU IN COURT.

YOU HAVE THE RIGHT TO TALK TO A LAWYER FOR ADVICE BEFORE WE ASK YOU ANY QUESTIONS AND TO HAVE HIM WITH YOU DURING QUESTIONING.

IF YOU CANNOT AFFORD A LAWYER ONE WILL BE APPOINTED FOR YOU BEFORE ANY QUESTIONING, IF YOU WISH.

IF YOU DECIDE TO ANSWER QUESTIONS NOW, WITHOUT A LAWYER PRESENT, YOU WILL STILL HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME. YOU WILL ALSO HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME UNTIL YOU TALK TO A LAWYER.

### WAIVER OF RIGHTS

I HAVE READ THIS STATEMENT OF MY RIGHTS AND I UNDERSTAND WHAT MY RIGHTS ARE. I AM WILLING TO MAKE A STATEMENT AND ANSWER QUESTIONS. I DO NOT WANT A LAWYER AT THIS TIME. I UNDERSTAND AND KNOW WHAT I AM DOING. NO PROMISES OR THREATS HAVE BEEN MADE TO ME AND NO PRESSURE OF ANY KIND HAS BEEN USED AGAINST ME TO GET ME TO MAKE A STATEMENT.

SIGNED _Jeffery W Calhoun_

EDUCATION _2 years College_

WITNESS _____

WITNESS _____

TIME _____

I HAVE EXPLAINED THE RIGHT TO REMAIN SILENT AND THE RIGHT TO COUNSEL TO _____ AS WELL AS ALL OTHER RIGHTS WHICH HE/SHE IS ENTITLED PRIOR TO QUESTIONING OR INTERROGATION BY LAW ENFORCEMENT OFFICERS. AFTER HAVING THESE RIGHTS EXPLAINED, HE/SHE REFUSED TO SIGN THIS STATEMENT.

SIGNED _____

WITNESS _____

TIME _____

EXHIBIT

"M"



Front





Left Profile

# HOUSTON COUNTY JAIL
# MEDICAL CLINIC

## SICK CALL

Dr. Sam Banner
Medical Director

DATE: 5-31-07

INMATE: Calhoun Jeffrey _____ D.O.B.: 9-26-66 I/M #: 53064

Chief Complaint: needs to see dentest

Allergies: NKDA _____ V/S: 113/71, 68,
D 99⁸

explained to I/m Calhoun about
how the dental program works

℅ to Smith
I/m made phone call to family
for dental arrangements.
a. Kennedy RN

**EXHIBIT**

"O"

# HOUSTON COUNTY JAIL
## MEDICAL CLINIC

### SICK CALL

Dr. Sam Banner
Medical Director

DATE: 3-15-07

INMATE: Calhoun Jeffery     D.O.B.: 9-26-66     I/M #: 53064

Chief Complaint: Ear

Allergies: NKDA     V/S: 130/85, 60, 98.4
                                0² 98%

S. My ® ear is hurting & would like to have it
   cleaned out c̄ peroxide

O. Ear red on inside. Ear drum visible. surrounding
   tissue reddened.

A. R/O

P: ½ alcohol / ½ vinegar ear cleaning.
   cotton ball in ® ear.

A. Kennaytor

# HOUSTON COUNTY JAIL
## INFIRMARY

### SICK CALL

D. SPEIGNER CRNP                    DR. SAM BANNER

DATE 11-21-06                    Docket Cord = 7/23/66

Inmate Calhoun, Jeffery D.O.B. 9-26-66 AMII 58455

Chief
Complaint Physical Labor & Food Handling

Allergies NKDA                    V/S 104/67  71  19  97.5

                                 Wt. 164

Tb. INf. Panel

INf. Panel = 11-21-06

Tb. Test = 11-27-06

HOUSTON COUNTY JAIL
INFIRMARY

SICK CALL

D. SPEIGNER CRNP                         DR. SAM BANNER

DATE 10-30-06

Inmate Cathaw, Jeffery   D.O.B. 9-26-66  IM# 53064

Chief
Complaint _____

Allergies NKDA _____   V/S 113/67  64  18  97.8
                                    Wt. 160

Im was seen in the clinic for popping
noise in his ear.

Mr Jackson issued a pair of earplugs
per Im request for them.

Im also stated that he got tazed when
he came in and wanted a copy of his body-
chart. Im was instructed on correct procedure
to get his stuff from medical records
                    Jm. Own

## HOUSTON COUNTY JAIL
## INFIRMARY

### SICK CALL

D. SPEIGNER CRNP                           DR. SAM BANNER

DATE _10-24-06_

Inmate _Calhoun, Jeffrey_  D.O.B. _9-26-66_ IM# _53064_

Chief
Complaint _____ B/P _____ 83/62 Re ← 100/69

Allergies _____  V/S _____

need FS
↘ NO FS

ON FS

## HOUSTON COUNTY JAIL
### INFIRMARY

#### SICK CALL

D. SPEIGNER CRNP                              DR. SAM BANNER

DATE 10-17-06

Inmate Calhoun Joffery          D.O.B. 9-26-06     IM# 53044

Chief
Complaint Can't take high level of noise

Allergies Review                    V/S 91/59, 57  98.5

repeat BP ~ 111/68

Ifm states that he was in an "explosion" and has a problem with loud noises.

Ifm states also that wife had miscarriage a while back and that she was in here not too long ago.

Ifm states that earplugs would help with the noise and keep him nice & quiet.

CS-√
LT-0
MAR-0
KS-0

Ifm request earplugs to have to keep noise down.

Ifm to write request form for seeing the chaplain and also a request form for earplugs from mrs. Jackson on Monday.

Ifm know how to fill out request form for Medical.

I'm to get some cotton balls for noise reduction until Monday.

# HOUSTON COUNTY JAIL MEDICAL CLINIC

## INTAKE

D

DATE _10-10-06_

INMATE _Calhoun, Jeffery_ # _53064_   DOB _7-23-66_

ALLERGIES _NKDA_        V/S _102/52_ _69_ _18_ _98.6_

HEIGHT _5'11"_ WEIGHT _149_

CURRENT MEDICAL PROBLEMS
_HTN - Dx. Sept. 2006 dx c̄ hernia so_
_NO Meds._

PERSONAL DOCTOR _Denis_        ADDRESS

HOSPITALIZATIONS
_Hernia - SAMC - Sept. 2006_
_groin area - States from being Tazed_

Last time 2 yrs ago   CURRENT MEDICATIONS _Ritalin - ADHD_    ∅

MEDICATIONS BROUGHT IN? _NO_

NURSING ASSESSMENT: _NAD noted, I/m claims he was_
_dx c̄ HTN during his past visit to SAMC_
_I/m states he has ① inguinal hernia_
_I/m knows how to access medical_
_if needed will ✓ BP X 2_

_(nurses initials)_ EXPLAINED HOW TO OBTAIN MEDICAL TREATMENT WHILE IN HCJ

NURSE

# HOUSTON COUNTY JAIL MEDICAL CLINIC
## MANTOUX TUBERCULIN SKIN TEST REP'

Name: *Calhoun*  *Jeffrey*        Residing County: *Houston*
       Last          First          Middle

Address: _____    Phone No.: _____
         Number & Street    City    Zip

Sex: ☑M ☐F   Race: ☑W ☐B  Other: _____   Birthdate: *09* _____ *66*
                                    Specify              Month        Year

| Reason For Test | Site of Test |
|---|---|
| Contact:  ☐ Yes  ☑ No | ☑ Houston County Jail Medical Clinic |
| Case: _____ | ☐ Other |

If results are Positive, indicate the appropriate

Ⓑ +A          Positive Test Cut Point:  A ☐   B ☐   C ☐
                            (See reverse side)

Date Tested  *11*   *27*   *0 6*    Tested By: _____
             Month   Day   Year                         Nurse Initials

Date Read  *11*   *29*   *06*    Results: *NEG* mm  Read By: *JM*
           Month   Day   Year                              Nurse Initials

For Two Step Method Only

Second Test Date: _____    Tested By: _____
                  Month    Day    Year                        Nurse Initials

Date Read: _____    Results: _____mm  Read By: _____
           Month    Day    Year                                Nurse Initials

Note: Positive Results & Referrals must be reported to the clients' local Health Department

```
                    DOCTORS LABORATORY INC.
DIRECTOR            2906 JULIA DRIVE, VALDOSTA GEORGIA 31604
JACKSON L. GATES, M.D.    PHONE (229)244-4468

PATIENT:  CALHOUN,JEFFERY          SEX,SP: M
PT PHONE:                FASTING: NO        COLLECTED: 11/21/2006-NO TIME
ACCESSION: S6302072      AGE,DOB: 40,09/26/1966  RECEIVED: 11/21/2006 6:22 PM
PT ID#:  53064           REQ#:              REPORTED: 11/22/2006-8:06 AM
MED REC#:                RM#:          ROUTE/STOP: 9501      PAGE 1
PHYSICIAN: BANNER
CLIENT:   HOUSTON COUNTY JAIL             ACCOUNT NO. 12519
          901 E. MAIN STREET
          DOTHAN, AL  36301
```

```
-----------------------------------------------------------------------------
     TEST NAME      WITHIN RANGE  OUTSIDE RANGE   NORMAL RANGE      UNITS
-----------------------------------------------------------------------------
RPR                 NON-REACTIVE                  NON-REACTIVE
HEPATITIS SCREENING PROFILE
 HEPATITIS A VIRAL ANTIBODY (IgM)
  ANTI-HAV (IgM)    NON-REACTIVE                  NON-REACTIVE
 INTERPRETATION: IgM antibodies to HAV not detected;
                 does not exclude early acute or
                 recovered HAV infection.

 HEPATITIS B CORE ANTIBODY (IgM)
  ANTI-HBc (IgM)    NON-REACTIVE                  NON-REACTIVE
 HEPATITIS B SURFACE ANTIGEN
  HBsAG, SCREEN     NON-REACTIVE                  NON-REACTIVE
HEPATITIS C ANTIBODY  NON-REACTIVE               NON-REACTIVE
 INTERPRETATION: Antibodies to HCV not detected;
                 does not exclude early acute
                 HCV infection.

HIV AB (I&II)        NON-REACTIVE                 NON-REACTIVE
                 *** FINAL REPORT ***
```

EXCEPT WHERE NOTED: TEST PERFORMED AT DOCTORS LABORATORY INC., VALDOSTA, GA

DOCTORS LABORATORY, INC.

CLIA No. 11D0646134
Medicare No. 65015769LA

2906 Julia Drive
Valdosta, Georgia 31602
1-800-342-7552
www.doctorslaboratory.com

PATIENT ID #

PATIENT NAME (LAST) _____ FIRST _____ MI

PATIENT PHONE #

MALE / FEMALE   DOB

FASTING Y / N   DATE _____ TIME

BILL TO: ☑ CLIENT ☐ PATIENT ☐ WORKERS COMP
☐ INSURANCE ☐ MEDICARE ☐ MEDICAID

PATIENT #

INSURED'S NAME

STREET

CITY _____ STATE _____ ZIP

PATIENT'S RELATIONSHIP TO INSURED
☐ SELF ☐ SPOUSE ☐ CHILD ☐ OTHER

CALL RESULTS TO:   FAX RESULTS TO:
NAME _____ NAME _____
NUMBER _____ NUMBER _____

☐ MEDICARE # _____
☐ MEDICAID # _____ STATE _____
☐ SUBSCRIBER # _____ GROUP _____
INSURANCE CO _____
ADDRESS _____
CITY _____ STATE _____ ZIP _____

☐ MEDICARE # _____
☐ MEDICAID # _____ STATE _____
☐ SUBSCRIBER # _____ GROUP _____
INSURANCE CO _____
ADDRESS _____
CITY _____ STATE _____ ZIP _____

ICD-9 DIAGNOSIS CODES FOR TESTS ORDERED

| T # | AMA APPROVED PANELS | CPT | CONT | TEST # | | CPT | CONT | TEST # | | CPT | CONT | | MICROBIOLOGY | CPT CODE(S) | CONT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ ACUTE HEPATITIS PANEL * | 80074 | SST | | GLUCOSE SERIES | | 150 | PT (PROT+ROVEIN TIME)* | 85610 | B | | 8998 | CHLAMYDIA & GC AMPLI DNA (SMR*) | 87491 87491 | PT |
| 7 | BASIC METABOLIC PANEL | 80048 | SST | 503 | (FAS)FASTING GLUCOSE * | 82947 | SST | 43100 | PSA, MEDICARE ONLY | G0103 | SST | | 2238 | CHLAMYDIA & GC AMPLI DNA Urine | 87491 87491 | SC |
| 8 | COMP METABOLIC PANEL | 80053 | SST | 566 | 1 HR PP GLUCOSE | 82947 | SST | 149 | PT (PARTIAL THROMBOPLAS.)* | 80730 | B | 2235 | | VAGINITIS PROFILE - DNA Probe for | 87660 87480 | VP |
| 9 | ELECTROLYTE PANEL | 80051 | SST | 592 | OB 1 HR | 82950 | SST | 130 | RHEUMATOID TEST (QUAN)* | 86431 | SST | | | Trichomonas Candida Gardnerella | 87510 | |
| 8 | HEPATIC FUNCTION PANEL | 80076 | SST | 555 | 2 HR PP GLUCOSE | 82947 | SST | 335 | RUBELLA (IgG) | 86762 | SST | 2260 | | GROUP 'B' STREP CULTURE (Genital) | 87070 | SW |
| 10 | LIPID PANEL * | 80061 | SST | 9764 | FASTING & 1 HR GLUCOSE | 82950 | 2 SST | 132 | RPR | 86592 | SST | 2233 | | GROUP 'B' STREP CULTURE Urine | 87081 | SC/U |
| 8 | OBSTETRIC PANEL | 80055 | PT LAV | 556 | FASTING & 2 HR GLUCOSE | 82950 | 2 SST | 133 | RED RATE (WESTERGREN)* | 85652 | L | 2263 | | GENITAL CULTURE | 87070 87071 | |
| 21 | RENAL PANEL | 80069 | SST | 55-554 | GLUC. TOLERANCE ___ HR | 82951/2 | In-SST | 515 | SGOT (AST) | 84450 | SST | 231 | | HERPES SIMPLEX CULTURE | 87255 87252 | MM |
| 5 | AMYLASE, SERUM | 82150 | SST | 555-588 | OB GTT SERIES ___ HR | 82951/2 | In-SST | 516 | SGPT (ALT) | 84460 | SST | | | Source _____ | 87254 | |
| 6 | AMA | 86038 | SST | 415 | HDL. QUANTITATIVE * | 84478 | | 417 | T3 (TRIIODOTHYRONINE)* | 84480 | SST | 202 | | STOOL CULTURE | 87045 87046 | SC/SW |
| 7 | ANTIBODY SCREEN | 86886 | L | 329 | HDL. CHOLESTEROL * | 83718 | SST | 407 | T3 UPTAKE* | 84479 | SST | 125 | | OVA & PARASITE EXAM. | 87177 | SC |
| 4 | B12, V TAMIN | 82607 | SST | 347 | HEMOGLOBIN A1C * | 83036 | L | 408 | T4 (THYROXINE)* | 84436 | SST | 124 | | OCCULT BLOOD TEST (Fecal)* | 82272 | SC |
| 4 | BUN (BLOOD UREA NITROGEN) | 84520 | SST | 372 | HEPATITIS B CORE AB (IgM) | 86705 | SST | 350 | THEOPHYLLINE | 80198 | SST | 243 | | CLOSTRIDIUM DIFFICILE TOXINS A/B | 87324 | SC |
| 23 | CA-125 (CANCER ANTIGEN) * | 86304 | SST | 412 | HEPATITIS B SURF. ANT-GEN | 87340 | SST | 171 | T4 * | 84443 | SST | 290 | | GIARDIA DETECTION BY IFA | 87269 | SC |
| 4 | CARBAMAZEPINE (TEGRETOL) | 80156 | SST | 421 | HEPATITIS B SURF. ANTIBOD | 86706 | SST | 506 | URIC ACID SERUM | 84550 | SST | 235 | | WBC'S EXAM. (Fecal) | 89055 | SC |
| 4 | CBC * | 85025 | T | 9716 | HEPATITIS C ANTIBODY | 86803 | SST | 134 | URINALYSIS* | 81001 | U | 117 | | FECAL FAT (SUDAN STAIN) | 82705 | SC |
| | CEA (CARCINOEMBRYONIC AG) * | 82378 | SST | 9992 | HIV 1/2 ANTIBODY SCREEN* | 86703 | SST | 379 | VALPROIC ACID | 80164 | SST | 280 | | ROTAVIRUS DETECTION BY EIA | 87425 | SC |
| | CHOLESTEROL * | 82465 | SST | 9630 | HOMOCYSTEINE | 83090 | SST | | | | | 219 | | URINE CULTURE* | 87045 87086 | SC/U |
| | CORTISOL, SERUM (AM) | 82533 | SST | 317 | IMMUNOGLOBULINS (G,A,M) | 82784x3 | SST | | URINE CHEMISTRIES | | | 222 | | SPUTUM CULTURE | 87070 87071 | SC |
| | CORT.SOL, SERUM (PM) | 82533 | SST | 320 | IRON & TIBC* | 83550 | SST | | 24 HOUR TV: ___ | | | 206 | | BLOOD CULTURE | 87040 | SC |
| | CPK, TOTAL | 82550 | SST | 513 | LDH TOTAL | 83615 | SST | | | | | 200 | | THROAT CULTURE (Complete) | 87070 | SW |
| 4 | CREATININE, SERUM | 82565 | SST | 854 | LITHIUM | 80178 | SST | 536 | CREATININE CLEARANCE | 82575 | SST,U | 230 | | THROAT CULTURE (Beta Strep. only) | 87070 | SW |
| 6 | CRP | 86140 | SST | 425 | LH (LUTEINIZING HORMONE) | 83002 | SST | 8282 | UREA CLEARANCE | 84545 | SST,U | 204 | | WOUND CULTURE | 87070 | SW |
| | CRP, HIGH-LY SENSITIVE | 86141 | SST | 325 | MAGNESIUM | 83735 | SST | 327 | URINE PROTEIN | 84156 | U | | | Source _____ | | |
| 7 | DIGOXIN * | 80162 | SST | 123 | MONO SCREEN | 86308 | SST | 9752 | MICROALBUMIN | 82043 | L | 201 | | MISCELLANEOUS CULTURE | 87070 | SW |
| | DILANTIN | 80185 | SST | 414 | PHENOBARBITOL | 80184 | SST | 35* | MICROALB/CREAT RATIO (82043) | 82570 | U | 208 | | BODY FLUID CULTURE | 87070 | SC/SW |
| | ESTRADIOL | 82670 | SST | 518 | POTASSIUM | 84132 | SST | 8084 | PROTEIN/CREAT RATIO (84156) | 82570 | U | | | Source _____ | | |
| | FERRITIN, SERUM* | 82726 | SST | 411 | PREGNANCY TEST (QUAL) | 84703 | SST | | | | | 207 | | FUNGUS CULTURE (Non-Systemic) | 87101 | SC |
| 5 | FOLATE, SERUM | 82746 | SST | 924 | PROGESTERONE | 84144 | SST | KEY: SST=SERUM SEPARATOR TUBE | | L=LAVENDAR | | 210 | | Source _____ | | |
| 5 | FREE T4* | 84439 | SST | 419 | PROLACTIN | 84146 | SST | RT=PLAIN RED TOP | In-SST=REQUIRES MULTIPLE TUBES | | | | GRAM STAIN Source _____ | 87205 | SC/SW |
| 1 | FSH, SERUM | 83001 | SST | 431 | PROSTATE SPEC. ANTIGEN* | 84153 | SST | B=BLUE TOP | U=URINE | | | | KOH PREP Source _____ | 87220 | SC/SW |

Key: PT = ProteTec  SC = Sterile Container  VP = VP Collection tube
UP = Urine with Preservative Swab • Culture Swab
BC = Blood Culture Bottle  M4 = M4 transport Medium

## INMATE REQUEST FORM

Date: _10- 15-06_          INMATES # _53064 - D- Pod_

To: _Medical._          C/O SIGNATURE _Beasley_

From: _Jeffey W. Calhoun_          SR C/O SIGNATURE _MV_

NATURE OF REQUEST _Im Diagnosed ADHD and I haven't had my meds._
_I hear things and See things in my Head. I feel like I'm going_
_to brake down at any minute. The Loud Noise of the T.V. and_
_People Beating on stuff Is Driving me Crazy. I feel like I'm_
_going to Snapp, sometimes I don't want to even Live anymore, My_

ACTION TAKEN _Life is a Mess, My Wife and I Just lost a Child, Now I_
_Can't even talk with her on these phone's. I need Some Help Here!_

_Jeffery W. Calhoun_

USBPi Reorder #12055 (8/06)

---

## INMATE REQUEST FORM

Date: _MAY ?? 2011_          INMATES # _53064 - Toled Cell-12_

To: _Acting - Medical_          C/O SIGNATURE ____

From: _Jeffrey Calhoun_          SR C/O SIGNATURE _O_

NATURE OF REQUEST _You Told me When I Come of Lock Dr._
_To write a form or Whre I Could make Arrangments_
_For Some Dental work!          Thank you!_

_Jeffrey Calhoun_

ACTION TAKEN ____

USBPi Reorder #12055 (8/06)

J-Pod-Cell-1

## INMATE REQUEST FORM

Date: 5-10-2007

INMATES # 53064-J-Pod

To: Medical

C/O SIGNATURE _____

From: Jeffery Calhoun

SR C/O SIGNATURE _____

NATURE OF REQUEST: I need to be brought up to Medical to Put Peroxide in my Ear and Clean it. I can't hear out of the Left Ear. The Same Ear that filled with Blood when I got Shot with a Tazzer, when the City Brought me in.     Thank You.

Jeffery Calhoun

ACTION TAKEN _____

EXHIBIT
"P"

| State of Alabama Unified Judicial System | **EXPLANATION OF RIGHTS AND PLEA OF GUILTY** | Case Number CC-06-1617 |
|---|---|---|
| Form CR-52 (front)  Rev. 7/02 | (Habitual Felony Offender — Circuit or District Court) | ☐ Count _____ (count #, if applicable) |

IN THE __Circuit__ COURT OF __Houston__, ALABAMA
(Circuit or District)                          (Name of County)

STATE OF ALABAMA v. __Jeffery Wayne Calhoun__
Defendant

**TO THE ABOVE-NAMED DEFENDANT:** After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

**PENALTIES APPLICABLE TO YOUR CASE**

You are charged with the crime of __Burglary 3rd__, which is a Class __C__ Felony. The court has been informed that you desire to enter a plea of guilty to ☑ this offense or ☐ to the crime of _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act Section 13A-5-9 Ala. Code 1975, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →  This offense | No Prior Felonies | One Prior Felony | Two Prior Felonies | Three + Prior Felonies |
|---|---|---|---|---|
| **Class C Felony** | 1 Yr. & 1 Day —10 Years In State Penitentiary Fine Up To $5,000 | 2—20 Years In State Penitentiary Fine Up To $10,000 | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 — 99 Years or Life In State Penitentiary Fine Up To $20,000 |
| **Class B Felony** | 2 — 20 Years In State Penitentiary Fine Up To $10,000 | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15— 99 Years or Life In State Penitentiary Fine Up To $20,000 | Mandatory Life Imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| **Class A Felony** (No prior convictions for a Class A Felony) | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility of Parole Fine Up To $20,000 |
| **Class A Felony** (One or more prior convictions for any Class A Felony) | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 -- 99 Years or Life In State Penitentiary Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ **Enhanced Punishment For Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Drug Sale Near Housing Project:** Section 13A-12-270, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281, Ala. Code 1975, provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age

Original - Court File       Copy - Defendant       Copy - District Attorney       Copy - Defense Attorney

| Form CR-52 (back)    Rev. 7/02 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
|---|---|
| | (Habitual Felony Offender – Circuit or District Court) |

18 to person under age 18) or 13A-12-231(drug trafficking), Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ **DNA Samples for Criminal Offenses** in §36-18-24: Section 36-18-25(e), Ala. Code 1975, provides that, all persons convicted of any of the offenses set out in Section 36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **Drug Possession:** If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ **Other:** 10 yrs ; apply probation

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's information filed with the court.

**IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.**

IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU ON APPEAL IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

| 4/17-07 | |
|---|---|
| Date | Judge |

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

| 4/12/00 | |
|---|---|
| Date | Attorney |

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

| 4/12/00 | |
|---|---|
| Date | Defendant |

# WARRANT FACT SHEET

**Case Number:  06-008802**

**DEFENDANT: JEFFERY WAYNE CALHOUN**
**DOB: 09-26-1966**
**Address:**  207 N. OATES ST. RM 212 DOTHAN, AL. 36303
**Sex: MALE**        **Race:** WHITE
**OLN: FL. C-452-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**      **SSN:** 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
**Height: 5' 11"**      **Weight:** 160 LBS.
**Hair:** BRN        Eyes: BRN
**Phone:**        **Probation:**

**CHARGE: BURGLARY 3RD DEGREE**
Bond Request:  **$10,000.00**

**VICTIM'S NAME: CHRIS LAMB / A & C AUTO REPAIR**
**Address: 1350 FOUNTAIN ST. DOTHAN, AL. 36303**
Phone Bus: (334) 793-9860        Phone Res: (334)

**WITNESSES**

| | | |
|---|---|---|
| 1.  SGT. DONNY SMITH | DOTHAN P. D. | (334) 615-3656 |
| 2.  OFF. RAY ARNOLD | DOTHAN PD | (334) 615-3000 |
| 3.  OFF. CHRIS WATSON | DOTHAN PD | (334) 615-3000 |

**DETAILS:   ON 10-9-06 AT APPROXIMATELY 0415 HOURS, OFF. ARNOLD**
**FOUND A PARTIALLY OPENED BAY DOOR AT A&C AUTO REPAIR, 1350**
**FOUNTAIN ST. OFF. ARNOLD AND OFF. WATSON CONDUCTED A**
**BUILDING SEARCH AND FOUND JEFFREY WAYNE CALHOUN HIDING IN**
**A ROOM AT THE REAR OF THE BUSINESS. HE HAD ALREADY LOADED**
**SEVERAL AIR TOOLS INTO A BASKET AND HID IT ACROSS THE STREET**
**IN A WOODED AREA AND HE WAS IN THE PROCESS OF LOADING**
**ANOTHER BASKET WHEN HE WAS ARRESTED.**

Investigator: SGT. DONNY SMITH
Warrant Obtained By: SGT. DONNY SMITH

_____                    Date:  10-9-06
(Signature of Investigator)

**EXHIBIT**

**"Q"**

W A R R A N T

STATE OF ALABAMA                    HOUSTON COUNTY                    DISTRICT  COURT
AGENCY NUMBER: 06008802                    WARRANT NUMBER: WR 2006 016676.00
                                           OTHER CASE NBR:             .

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST    JEFFERY WAYNE CALHOUN   AND BRING
HIM/HER BEFORE THE DISTRICT  COURT OF HOUSTON COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
            BURGLARY 3RD DEGREE    CLASS: C  TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
_____ DAY OF _____, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 10 DAY OF OCTOBER, 2006.

BOND SET AT: (1)     $10,000.00  BOND TYPE:
             (2)
             (3)
_____
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT      PURSUANT TO 15-10-3 OF THE CODE OF ALABAMA

CHARGES: BURGLARY 3RD DEGREE   13A-007-007          F FELONY

NAME: JEFFERY WAYNE CALHOUN              ALIAS:
ADDRESS: 207 N OATES ST RM 212          ALIAS:
ADDRESS:
CITY: DOTHAN              STATE: AL      ZIP: 36303 0000
                                        PHONE: 000 000 0000 EXT: 000

EMPLOYMENT:
DOB: 09/26/1966    RACE: W     SEX: M    HAIR: BRO
EYE: BRO  HEIGHT: 5'11"  WEIGHT: 160
SID: 000000000  SSN: 261699682  DL NUM:

E X E C U T I O N

    EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
    ( ✓ )  PLACING DEFENDANT IN THE HOUSTON COUNTY JAIL
    (   )  RELEASING DEFENDANT ON APPEARANCE BOND


THIS _____9 TH_____ DAY OF ___October_____ 2006

                         SHERIFF
                         BY

COMPLAINANT:   SGT DONNY SMITH
               C/O DPD
               06008802
               DOTHAN  AL  36303

OPERATOR: PHT      DATE: 10/10/2006

```
              ALABAMA JUDICIAL INFORMATION SYSTEM
        * * * IN THE DISTRICT COURT OF HOUSTON COUNTY * * *
AGENCY NUMBER: 06008802              WARRANT NUMBER: WR 2006 016676.00
                                     OTHER CASE NBR:            .
                    C O M P L A I N T
BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT  COURT OF
HOUSTON COUNTY, ALABAMA, PERSONALLY APPEARED   SGT DONNY SMITH
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT   JEFFERY WAYNE CALHOUN         DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT OCTOBER 9, 2006, KNOWINGLY ENTER OR REMAIN UNLAWFULLY
IN A BUILDING OF A & C AUTO REPAIR, WITH THE INTENT TO COMMIT A
CRIME THEREIN, TO-WIT: THEFT,
IN VIOLATION OF 13-007-007                      OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.
```

COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 10 DAY OF OCTOBER, 2006.

JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: BURGLARY 3RD DEGREE    13A-007-007          F  FELONY

WITNESS FOR THE STATE

SGT DONNY SMITH/C/O DPD/06008802/DOTHAN/36303

RAY ARNOLD/C/O DPD/06008802/DOTHAN/36303
CHRIS WATSON/C/O DPD/06008802/DOTHAN/36303
CHRIS LAMB/A & C AUTO REPAIR/1350 FOUNTAIN ST/DOTHAN/36303

OPERATOR: PHT    DATE: 10/10/2006

$ 00.39°

UNITED STATES POSTAGE

00053049B
MAILED FROM ZIP CODE 363

Jeffery W. Calhoun #53064- D-Pod
901 East Main St.
Dothan, AL 36301

Houston Co. Jail Inmate Mail

Legal Mail

Attn: C.I.D. Dept.
810 St. Andrews Street
Dothan, AL 36301

**EXHIBIT**

"R"

My Name is Jeffery W. Calhoun — Charged With Burglary 3rd
I need to Speak with the Detective on my Case about a
few things and also, we may be able to make
a Deal, I need to be out taking Care of My Family, and
me and my wife (Common Law) needs Help with a Problem
we Have after we lost a Child on Father's Day
of This year. And everything has went Down Hill
From then on! I'm asking For you to take into
Consideration what I'm telling you. we need to talk
about Drug-Dealer's. you help me, and Help you!
I'll give you All-phone #
                    Residents —
                    Names —
                    Car's —
                    LC - Plate -

I just want out of jail, and Some Help for me
and my wife. with our Problem, Can we Make a Deal?
I might even be able to help you in More Area's
will see how it work's out, If we make a Deal and
you Keep your word and do what we agree on, I'll
do the same, And Everybody will be Content and Happy.

        P.S. Let me Know              Come see me Soon!
              Something                      Jeffery W. Calhoun

## ALABAMA BOARD OF PARDONS AND PAROLES

---

### REPORT OF INVESTIGATION

---

| **Type of Investigation:** | PREPROB | | | | **Date Dictated:** | | 05/10/2007 |
|---|---|---|---|---|---|---|---|

| **Name:** | CALHOUN JEFFREY WAYNE | | | | **PR#:** | | PR199502850500 |
|---|---|---|---|---|---|---|---|

**Alias:** COLLINS JEFFREY WAYNE, WALLACE JEFF, OLLINS JEFFERY, COLLINS JEFFERY WAYNE, CLINES JEFF T, CALHOUN JEFFERY WAYNE, CALHOUN JEFFERY

| **RS** | WM | **DOB:** | 09/26/1966, 07/23/1966 | **Est. Age:** | 40 | **Height and Weight:** | 6'00" \| 182 |
|---|---|---|---|---|---|---|---|

| **Complexion:** | | | | **Color of Hair:** BRO | **Color of Eyes:** | BRO |
|---|---|---|---|---|---|---|

**Bodily Marks:** TATTOO ON LEFT LEG, TATTOO ON RIGHT LEG, TATTOO ON CHEST, TATTOO ON BACK, TATTOO ON NECK, TATTOO ON RIGHT ARM, TATTOO ON RIGHT SHOULDER, TATTOO ON LEFT ARM, TATTOO ON LEFT SHOULDER, TATTOO ON UPPER LEFT ARM

| **Driver's License:** | | | **SSN:** | 261699682, |
|---|---|---|---|---|

| **AIS#:** | 163934 | **FBI#:** 620082DA5 **SID:** | AL01210063, FL02094767 |
|---|---|---|---|

**Phone #:** 3347950003

**Address:** 207 N OATES ST  ROOM 212

DOTHAN, AL 36303

---

### OFFENSE(S) OF INVESTIGATION

---

| **County:** | Houston | **Case #:** | CC 2006 001617.00 |
|---|---|---|---|

**Offense(s):**

BURGLARY 3RD DEGREE

| **Sentence(s)** | **Date** | **Begin Date** | **Conf Imp** | **Conf Susp** | **Probation** | **Restitution** |
|---|---|---|---|---|---|---|
| BURGLARY 3RD DEGREE : G | 04/17/2007 | | Y10 M00 D000 | | | $ 0.00 |

| **Date of Arrest:** 10/09/2006 | | **Date of Bond:** | | **Bond Amt.:** | $ 1000.00 |
|---|---|---|---|---|---|

| **Judge:** | DENNY L. HOLLOWAY | **D.A.:** | VALESKA DOUGLAS A |
|---|---|---|---|

| **Attorney:** | MCGHEE BILLY SHAUN | **Retained:** | **Appointed:** |
|---|---|---|---|

**Court Ordered Restitution:** $0

**NOTES:**

**EXHIBIT**

tabbies

"S"

Report of Investigation

| PRESENT OFFENSE(S) |
|---|

**County Court and Case Number:** Houston, CC 2006 001617.00

**Offense(s)**

BURGLARY 3RD DEGREE

| Sentence(s) | Date | Begin Date | Conf Imp | Conf Susp | Prob. | Rest. |
|---|---|---|---|---|---|---|
| BURGLARY 3RD DEGREE : G | 04/17/2007 | | Y10 M00 D000 | | | $ 0.00 |

**Date of Sentence:**

**Details of Offense:**
(1) The details of offense were taken from the Dothan Police Department Warrant Fact Sheet concerning case number 06-008802.

On 10/09/2006, Officer Ray Arnold discovered an open door at A&C Automotive at 1350 Fountain St. Dothan, AL. Officer Arnold and Officer Chris Watson searched the building, and they found Jeffrey Calhoun hiding in a room in the rear of the business. The subject already loaded several air tools into a basket, and he moved the tools to a location across the street from the business. The owner of the business was notified, and he identified his tools. Jeffrey Calhoun was arrested for Burglary 3rd Degree.

On 12/13/2006, Jeffrey Calhoun was indicted by the Houston County Grand Jury. On 04/17/2007, Jeffrey Calhoun pled guilty to Burglary 3rd Degree.

**On Probation At Arrest:** No

**On Parole At Arrest:** No

**Serious Physical Injury Barring Parole:** No

**Subject's Statement:** (1) "I was depressed, and I got on drugs."

**Case Status of Co-defendants:** (1) N/A

**Victim Notification Information:**

**Victim Impact:** (1) N/A

**Victim Age:** None

**Location of Offense:** Dothan, AL

**Court Ordered Restitution:** $0

| RECORD OF ARREST(S) |
|---|

| Date | Agency ORI | Type | Charge | Disposition |
|---|---|---|---|---|

| 01/28/1985 | Jackson Co., FL Sheriff's Dept. | Prior Adult | Escape | Other: No Disposition Listed in NCIC |
| 04/13/1985 | Jackson Co., FL Sheriff's Dept. | Prior Adult | Escape | Other: Convicted, 3 Years |
| 01/11/1990 | Geneva Co. CC1990-42 | Prior Adult | Forgery 2nd | Other: Guilty Plea, 4 Years, 3 Years Probation |
| 09/02/1990 | Florida Highway Patrol | Prior Adult | D.U.I. | Other: No Disposition Listed in NCIC |
| 10/07/1990 | Jackson Co., FL Sheriff's Dept. | Prior Adult | Escape | Other: Guilty Plea, 2 Years |
| 10/08/1990 | Holmes Co., FL Sheriff's Dept. | Prior Adult | Grand Larceny | Other: Nolo Contendre, Guilty/Convicted, 6 Months |
| 08/05/1991 | Slocomb P.D. | Prior Adult | Leaving the Scene of an Accident | Other: No Disposition Listed in AOC or NCIC |
| 06/27/1993 | Sylacauga P.D. | Prior Adult | Breaking and Entering Motor Vehicle | Other: NCIC Indicates Disposition Unavailable |
| 11/02/1993 | St. Lucie Co., FL Sheriff's Dept. | Prior Adult | Vehicle Theft | Other: Dropped |
| 11/05/1993 | St. Lucie Co., FL Sheriff's Dept. | Prior Adult | Out of State Fugitive | Other: Extradited to Alabama |
| 11/18/1993 | Geneva Co. CC1994-39 | Prior Adult | Theft of Property 1st | Other: Guilty Plea to Unauthorized Use of Motor Vehicle, 12 Months |
| 03/15/1994 | Dothan P.D. | Prior Adult | Making False Report | Other: Dismissed |
| 04/09/1994 | Wetumpka P.D. | Prior Adult | Obstruct Police - Crim Impersonation | Other: Convicted |
| 04/20/1994 | Dale Co. CC1994-233 | Prior Adult | Theft of Property 1st | Other: Guilty Plea, 15 Years |
| 12/10/1998 | Marion Co. CC1997-175 | Prior Adult | Escape 1st | Other: Guilty Plea, 10 Years |
| 01/24/2002 | Liberty Co., FL Sheriff's Dept. | Prior Adult | Driving While License Suspended or Revoked | Other: Nolo Contendre, Guilty/Convicted, 10 Days |
| 03/06/2002 | Houston Co. TR2002-1619 | Prior Adult | Driving While Revoked | Other: Dismissed |
| 03/06/2002 | Houston Co. TR2002-1618 | Prior Adult | D.U.I. | Other: Acquitted |
| 05/15/2004 | Dothan P.D. | Prior Adult | Resisting Arrest | Other: Guilty |
| 08/28/2004 | Bay Co., FL Sheriff's Dept. | Prior Adult | Fraud - Utter False Instrument | Other: Held |
| 09/12/2004 | Broward Co., FL Sheriff's Dept. | Prior Adult | Charge 1 - Probation Violation Charge 2 - Probation Violation | Other: Held |

---

**PERSONAL/SOCIAL HISTORY**

**Marital Status/History SingleWithPartner**

| Name | Address | DOB | DOD | Marriage Begin/End |
|------|---------|-----|-----|---------------------|
| Robin Brackins | Dothan, AL | 06/20/1968 | | - |

**Children**

| Name | Address | DOB | DOD | Other Parent |
|------|---------|-----|-----|--------------|

**Housing History**

| Orphanage: | No | | Homeless: | No |
|------------|-----|---|-----------|-----|

**Foster Home:**    No                              **Other Institution:**    No
**Boarding School:**    No

## Health

**Physical Disability:**              No

**Mental Disability:**                No

**Psychological Report:**            No

**Prescribed Medications:**          No

**Defendants Opinion**
**Of Drug Problem:**                 Denies

**Past Drugs:**                      Yes              Marijuana, Cocaine

**Treatment History:**

**Present Drugs:**                   No

**Defendants Opinion**
**Of Alcohol Problem:**              Denies

## Education

### High School

| Last Grade Completed | Name/Year | If DropOut, Reason why: |
|---|---|---|
| HSGraduate | Southern Wayne Saints High School, 1983 | |

### College

| Last Level Completed | Name/Year | If DropOut, Reason why: |
|---|---|---|

### Further Education/Training

| Type | Place | Length | Completed |
|---|---|---|---|
| Welding | | | No, |
| Carpentry | | | No, |
| Masonry | | | No, |

## Financial Status

**Owns:**    Land

| Money Owed | To | Amount |
|---|---|---|
| | Dale Medical Center | $15,000 |

## Employment History

| Type/Employer | Begin Date | # Months | Pay | Reason For Leaving |
|---|---|---|---|---|
| Labor \ Dothan Temporary Service / | | | $10 Per Hour | Arrested |
| Labor \ Able Body Labor | / | | $10 Per Hour | Arrested |
| Disaster Worker for FEMA \ Yates Construction | / | | $22.50 Per Hour | Job Ended |
| Framing \ Wallace Construction | / | | $12 Per Hour | Moved |

## Military Record

| Registered W/Selective Service | Served | Length Of Service | Discharge Type |
|---|---|---|---|
| Yes | | | |

| Discharge Reason | Highest\Discharge Rank | Military Job Title | Medals/Awards |
|---|---|---|---|
| | \ | | |

**Notes:**

## Offender's Family

### Parents

| Father | Address | DOB | Felony Conv. | Deceased |
|---|---|---|---|---|
| Jony Calhoun | Co. Rd. 55 Black, AL | | No | No |
| **Mother** | **Address** | **DOB** | **Felony Conv.** | **Deceased** |
| Sylvia Wallace | Dothan, AL | | No | No |

### Siblings

| Name | Address | DOB | Felony Conv. |
|---|---|---|---|
| Terry Calhoun | Black, AL | | |
| Cindy Calhoun | Geneva, AL | | No |
| Loretta Calhoun | Geneva, AL | | No |
| Angie Bryant | Daleville, AL | | No |
| Sherry Donald | Enterprise, AL | | Yes |
| Jackie Bass | Banks, AL | | Yes |

**Notes:**

### Personal Relationship

**Relationship w/father:** N/A

**Relationship w/mother:** N/A

**Relationship w/siblings:** Good

## PROBATION PLAN

### Home

| Living With | Address | Relation |
|---|---|---|
| Robin Brackin | 1007 Laurel Ave. Dothan, AL | Fiance' |

### Employment

| Employer | Address | Phone | Pay Rate |
|---|---|---|---|
| Able Body Labor | 1307 Reeves St. Dothan ,AL 36303 | (334)792-6000 | Unknown |

## Character References

| Name | Address | Phone | Opinion |
|---|---|---|---|
| Joy Richardson | Reeves St.<br>Dothan, AL | | |
| Bobby Bennett | 713 State Ave.<br>Dothan, AL | (334)701-2044 | |

## Treatments

| Treatment Type | Treatment Description |
|---|---|

**Officer Remarks:**    The subject has an active warrant with the Broward Co., FL Sheriff's Department.

**Recommendations To Court:**    Based on the subject's extensive criminal history, probation is not recommended.

Signed and dated at _Dothan_ _____,
Alabama the _16TH_ day of ____ MAY, 2007

_____
MEREDITH JOHN

Alabama Probation and Parole Officer

PBF 203

_____
Reviewed By