IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY W. CALHOUN, #53064, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v.  ) | CIVIL ACTION 1:07CV455-MEF |
| ) | |
| SGT. WILLIAM BANKS; ) | |
| OFFICER RAY ARNOLD; ) | |
| OFFICER CHRISTOPHER ) | |
| WATSON; OFFICER BRADLEY ) | |
| CAIN; AND, SGT. DONNY ) | |
| SMITH, ) | |
| ) | |
| DEFENDANTS. ) | |

## ANSWER

Come now the Defendants, William Banks, Ray Arnold, Christopher Watson, Bradley Cain and Donny Smith and pursuant to the Court's Order of May 27, 2007 would answer the Plaintiff's Complaint as follows:

The Defendants admit that on October 9, 2006, at 1350 Fountain Street Dothan Alabama, while in the commission of a burglary, Mr. Jeffery Calhoun was tazed by a Dothan Police Officer.

Defendants deny there was any violation of the Plaintiff's constitutional rights.

Defendants deny that the Plaintiff was subjected to excessive force or that the officers used unreasonable or unnecessary force against the Plaintiff during or after his arrest.

Defendants deny all allegations in the Complaint and demand strict proof thereof.

Defendants deny they were indifferent to, or ignored the medical needs of the Plaintiff or that he was refused medical treatment.

## **AFFIRMATIVE DEFENSES**

1. The Defendants assert the affirmative defense of qualified immunity.

2. The Defendants assert the affirmative defense of good faith immunity.

3. The Defendants assert the affirmative defense of discretionary function immunity under Ala. Code §6-5-338 (1975).

4. The Defendants assert the affirmative defense of Res Judicata.

5. The Defendants assert the affirmative defense of contributory negligence.

6. The Defendants assert the affirmative defense the Plaintiff's Complaint fails to state a cause of action which relief may be granted.

7. The Defendants deny all allegations set out in the Plaintiff's Complaint.

8. The Defendants assert that the Plaintiff is not entitled to relief because he did not suffer a constitutional violation.

9. The Defendants assert that Plaintiff cannot establish a Federal law claim under 42 U.S.C. §1983.

10. The Defendants assert that Plaintiff assumed the risks of his conduct.

11. The Defendants assert that Plaintiff was in the act of committing a crime involving moral turpitude at the time he was "injured", which is a bar to recovery.

Dated this 2nd day of July, 2007.

s/ Joe E. Herring, Jr.<br>
Joe E. Herring, Jr. (HER038)<br>
Assistant City Attorney<br>
P.O. Box 2128<br>
Dothan, AL  36302<br>
(334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I further certify that a copy of the foregoing has been served upon the following by placing same in the United States Mail, postage prepaid, on this the 2nd day of July, 2007:

Jeffery W. Calhoun #53064 – J-Pod
Houston County Jail
901 East Main Street
Dothan, AL 36301

s/ Joe E. Herring, Jr.<br>
Of Counsel

3