IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY W. CALHOUN, #164934, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-CV-455-MEF |
| ) | [WO] |
| ) | |
| SGT. WILLIAM BANKS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Jeffery W. Calhoun ["Calhoun"], a state inmate, challenges the constitutionality of actions taken against him during his arrest for burglary and resulting interrogation by officers of the Dothan Police Department on October 9, 2006.[1] Calhoun names William Banks, Ray Arnold, Christopher Watson, Bradley Cain and Donny Smith as defendants. The allegations central to Calhoun's complaint are that the defendants subjected him to excessive force and deliberate indifference in violation of the Fourteenth Amendment. Specifically, Calhoun alleges the defendants repeatedly shot him with tasers and struck him with their billy clubs after he was handcuffed. Calhoun also contends that the defendants continued these acts of physical abuse after placing him in the

---

[1] It is undisputed that Calhoun subsequently entered a guilty plea to third degree burglary before the Circuit Court of Houston County, Alabama.

patrol car and during his interrogation. Finally, Calhoun complains that the defendants denied him medical treatment for the injuries allegedly suffered as a result of the officers' use of force. Calhoun seeks initiation of criminal charges against the defendants, declaratory relief and monetary damages for the asserted violations of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing Calhoun's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of July 2, 2007 - Court Doc. No. 11*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the plaintiff's response in opposition to this motion, the court concludes that the defendants' motion for summary judgment is due to be denied.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to each of his claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

---

[2]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Calhoun is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (a plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to

4

withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat

summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, in this case the plaintiff, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se*

6

status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In the present cause of action, Calhoun has demonstrated a genuine issue of material fact which precludes entry of summary judgment on his excessive force and deliberate indifference claims.

### III.  DISCUSSION

#### A.  Synopsis of Facts

At this stage of the proceedings, the court must "take the facts alleged in the complaint [and response in opposition to summary judgment] as true and construe them in the light most favorable to [Calhoun]. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)." *Danley v. Allen*, 540 F.3d 1298, 1304 (11th Cir. 2008). In that light, the facts are that on October 9, 2006, defendants Arnold and Banks were on patrol in Dothan, Alabama. During their patrol, Arnold and Banks observed a bay door of A & C Auto Repair unsecured and partially open. Arnold and Banks radioed for back-up and defendant Watson responded to this call. Arnold and Watson entered the building and heard noises coming from an office area at the rear of the repair shop. Arnold discovered Calhoun in an office loading tools into a basket. Arnold ordered Calhoun to show the officers his hands and Calhoun refused. Watson then entered the office. At some point, defendants Cain and Smith arrived on the scene. Calhoun describes the subsequent actions of the officers as follows:

> Police Brutality - The officers hit me with four different tazer guns at the

same time.... I was shot in the head and heart area.

Cruel and Unusual Punishment - They continued to taze me even after I was hand-cuffed. [The officers left me] [i]nside of the building for approx. 30 min. with the tazzers still inserted in me. They put me in the back of the patrol car and tazzed me again poking me in the ribs with a stick.

Intentional Infliction of Pain & Suffering - The officers were mad because I wouldn't give them a name of who was with me. In the illegal interrogation, they continued to taze me and stick me in the ribs with [their] stick[s].

Deliberate Indifference Towards Detainee's Medical Needs, not being treated by qualified Physician or Paramedic – I was bleeding very bad from the head and heart area, where two of the tazzers hit me, and they refused me medical attention....

*Plaintiff's Complaint - Court Doc. No. 1* at 2-3.

The defendants deny the allegations made against them. Specifically, they assert that Watson used his taser only when Calhoun approached Arnold in an aggressive manner. They maintain that Watson administered a second five-second charge from his taser when Calhoun physically resisted the officers' efforts to place handcuffs on him. The defendants contend that no other officer used a taser on Calhoun or struck Calhoun with a stick, and argue they used only the force necessary to subdue Calhoun. The defendants likewise deny they acted with deliberate indifference to any serious medical need. The evidentiary materials filed by the defendants support their version of the facts. Calhoun, in his response in opposition to summary judgment, challenges the defendants' evidentiary materials.

### B. Claims for Relief

As the Eleventh Circuit recently stated:

There are a number of different types of claims that arise under the

> Eighth Amendment's cruel and unusual punishment clause, including distinct claims for basic cruel and unusual punishment, for excessive force against prisoners, and for deliberate indifference to prisoners' serious medical needs. Courts apply a different test to each. *See, e.g.*, *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005) (applying the test for an Eighth Amendment deliberate indifference violation); *Skrtich v. Thornton*, 280 F.3d 1295, 1300-01 (11th Cir. 2002) (applying the test for an Eighth Amendment excessive force violation); *Hope v. Pelzer*, 240 F.3d 975, 978 & n.7 (11th Cir. 2001) (applying the test for an Eighth Amendment basic cruel and unusual punishment violation), *rev'd on other grounds*, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Pretrial detainees [and arrestees], who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment. *See Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) ("[I]t makes no difference whether [the plaintiff] was [an arrestee,] a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving ... [arrestees and] pretrial detainees.'" (omission in original) (citation omitted)).

*Danley*, 540 F.3d at 1306; *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.... However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492 (1986) (For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment.). Thus, this court will rely on cases interpreting the Eighth Amendment's prohibition against cruel and unusual punishment, and not the Fourteenth

9

Amendment's guarantee of due process, when addressing the plaintiff's claims for relief because the standard for violations of the Eighth Amendment apply to arrestees through the Due Process Clause of the Fourteenth Amendment. *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing that "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

  **1. Excessive Force**. With respect to Calhoun's claims of excessive force, the defendants argue that they are entitled to qualified immunity. However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). "Moreover, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich*, 280 F.3d at 1301. Thus, a qualified immunity defense is not available when a plaintiff asserts the use of excessive force, and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment, unless the force used was *de minimis*. *Id.* at 1302; *see also Hudson,* 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether the plaintiff's allegations that the defendants maliciously and sadistically used excessive force against him and/or witnessed the uses of force without intervening to protect Calhoun,

which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

> The Eleventh Circuit recently explained that
>
> [w]hether a [defendant's] use of force is excessive, and thus violates the inmate's Fourteenth Amendment right to be free from cruel and unusual punishment, depends on whether the [defendant's] act "shocks the conscience," *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007), and it necessarily will if the force "'was applied ... maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986).

*Danley*, 540 F.3d at 1307.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301. Additionally, it is well settled that

> [w]hen [officers] continue to use substantial force against [an arrestee] who has clearly stopped resisting-whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated-that use of force is excessive. *See Bozeman*, 422 F.3d at 1272 (giving special weight to

11

> the fact that the jailers "continued [to] use ... force in a manner that was severe enough to render [the plaintiff], at the very least, unconscious after [he] had surrendered"); *Skrtich*, 280 F.3d at 1303 ("[G]overnment officials may not use gratuitous force against a prisoner who has been already subdued or, as in this case, incapacitated."); *see also Harris v. Chapman*, 97 F.3d 499, 505-06 (11th Cir.1996); *Davis v. Locke*, 936 F.2d 1208, 1212-13 (11th Cir.1991); *Williams v. Cash-C.O.I.*, 836 F.2d 1318, 1320 (11th Cir.1988); *Perry v. Thompson*, 786 F.2d 1093, 1093-95 (11th Cir.1986); *cf. Vinyard*, 311 F.3d at 1348. Once a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need.

*Danley*, 540 F.3d at 1309.

Calhoun asserts the defendants shot him "with four different tazer guns at the same time ... in the head and heart area." *Plaintiff's Complaint - Court Doc. No. 1* at 3. Calhoun also maintains the officers "continued to taze [him] even after [he] was hand-cuffed" and "tazzed [him] again poking him in the ribs with a stick" after placing him in the patrol car *Id*. In addition, Calhoun contends the defendants "continued to taze [him] and stick [him] in the ribs" during interrogation. *Id*. The defendants deny all allegations regarding the use of force after Calhoun had been handcuffed and, with respect to the acknowledged use of a tazer to effectuate Calhoun's arrest, maintain the officers used only the amount of force necessary to quell his resistance and gain control of Calhoun while he struggled with the officers in their attempt to arrest him. Viewing the complaint in the light most favorable to Calhoun, the court concludes that Calhoun has set forth facts which demonstrate a violation of his constitutional rights. "Having established a constitutional violation, the next step in the qualified immunity analysis usually is to determine whether the right was

12

clearly established. *See Saucier*, 533 U.S. at 201, 121 S.Ct. at 2156. However, we have held that 'there is no room for qualified immunity' in Eighth and Fourteenth Amendment excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful. *Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir.2002)." *Danley*, 540 F.3d at 1310. Under the facts presented by the plaintiff, disputed issues of material fact exist regarding the need for the use of force and whether the amount of force used was appropriate. Thus, the defendants are not entitled to qualified immunity, *Id*.; *Skrtich*, 280 F.3d at 1301, and the motion for summary judgment with respect to the excessive force claim is due to be denied.

    **2. Deliberate Indifference**. Calhoun alleges the defendants acted with deliberate indifference to his serious medical needs by failing to provide him necessary medical treatment for the injuries suffered during his arrest and interrogation. Specifically, Calhoun asserts he "was bleeding very bad from the head and heart area ... and [the defendants] refused [him medical attention...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. The evidentiary materials submitted by the parties likewise indicate Calhoun advised jail personnel his ear filled with blood when he was tased.

    To prevail on a constitutional claim concerning an alleged denial of adequate medical treatment, an arrestee must, at a minimum, show that those responsible for providing the treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Goebert v. Lee County*, 510 F.3d, 1312, 1326 (11th

Cir. 2007); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, law enforcement officials may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). When seeking relief based on deliberate indifference of responsible officials, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor*, 221 F.3d at 1258; *McElligott*, 182 F.3d at 1255 (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner); *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) ("To show that [an] official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry."). One identified "measure of whether a medical need is serious enough to satisfy the first element of a deliberate indifference claim is if the need 'is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' *Hill*, 40 F.3d at 1187 (internal quotation marks and citation omitted)." *Danley*, 540 F.3d at 1310-1311. The Eleventh Circuit has noted that bleeding cuts are serious medical needs which require medical attention within hours. *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994). Thus,

deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2001). Thus, for Calhoun to avoid summary judgment on his deliberate indifference claim, he is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

Calhoun claims the defendants repeatedly subjected him to taser fire from several different taser guns which caused him to suffer injuries throughout his body. He asserts that he was bleeding profusely from "the head and heart area," injuries for which he

requested medical treatment that the defendants "refused" to provide. *Plaintiff's Complaint - Court Doc. No. 1* at 3.

The defendants argue they used only one taser on Calhoun and this use did not cause him to suffer a serious medical need because it caused only two extremely small wounds to his left shoulder/side where the taser leads struck him. They further maintain that Calhoun did not complain of any injury or request medical treatment at the time of his arrest, booking or interrogation. Additionally, the defendants argue that they did not perceive a need for medical treatment nor did they have any reason to believe the injuries caused by the taser required medical treatment. The defendants, however, concede that Calhoun received no medical treatment for his injuries. In his response to the defendants' report, Calhoun challenges the veracity of the defendants' affidavits and argues that the other evidence submitted in support of the report, the booking photograph and video disc, either support his claims for relief or merely fail to depict the true extent of his injuries.

Reading the complaint in the light most favorable to the plaintiff, the defendants were aware of a risk of serious harm from the use of multiple tasers. Calhoun contends the defendants knew about his injuries and he supports this contention with allegations regarding the basis of their knowledge. First, Calhoun alleges that all of his injuries were visible to the defendants. Second, the defendants allegedly knew that Calhoun was actually suffering from various injuries because he asserts that they refused his requests for medical treatment. "When [custodial officials] ignore without explanation a prisoner's serious

16

medical condition that is known or obvious to them, the trier of fact my infer deliberate indifference." *Bozeman v. Orum*, 422 F.3d 1265, 1273 (11th Cir. 2005) (internal quotation marks and citation omitted). Calhoun complains that the defendants ignored a known or obvious medical condition in his case.

With respect to the clearly established right element of a deliberate indifference claim, "[t]his is a case in which general legal principles announced by [Eleventh Circuit] decisions in this area of law are enough to make the right violated clearly established." *Danley*, 540 F.3d at 1313. As previously determined, Calhoun alleges both a serious medical need and the deliberate indifference of the defendants to this need. The allegations in the complaint are that the defendants took no measures to remedy the need and ignored Calhoun's requests for medical treatment. "Our earlier deliberate indifference decisions have stated that when [responsible officials] are aware of serious medical needs they may not ignore them or provide grossly inadequate care. *Bozeman*, 422 F.3d at 1273; *McElligott*, 182 F.3d at 1256. Although [Calhoun's] allegations may later turn out to be unfounded, reasonable [officers] would have been aware that the conduct that [Calhoun] alleges violated his clearly established rights." *Danley*, 540 F.3d at 1313. The defendants are therefore not entitled to qualified immunity on Calhoun's deliberate indifference claim and their motion for summary judgment with respect to this claim is likewise due to be denied.

**3. Request for Criminal Prosecution**. In his complaint, Calhoun requests that

"criminal charges [be] brought against" the defendants for the actions made the basis of this civil complaint. *Plaintiff's Complaint - Court Doc. No. 1* at 4. In order to proceed on a claim under 42 U.S.C. § 1983, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Consequently, Calhoun has no constitutionally protected interest in the criminal prosecution of the defendants and this claim is therefore subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment on the plaintiff's excessive force and deliberate indifference claims be DENIED.

2. The plaintiff's request for criminal prosecution of the defendants be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3. This case be set for a bench trial before the district judge assigned this case on the plaintiff's claims that the defendants acted in violation of his constitutional rights regarding the use of excessive force and deliberate indifference to his medical needs.

It is further

ORDERED that on or before June 11, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE